Argued July 21, decided August 18, rehearing denied October 6, motion to retax costs denied December 15, 1908.

## ALLEN v. STANDARD BOX & LUMBER CO.

[96 Pac. 1109; 97 Pac. 555; 98 Pac. 509.]

MASTER AND SERVANT—INJURIES TO SERVANT—APPLIANCES—DUTY OF MASTER TO FURNISH.

1. It is the positive duty of a master to furnish his servant with reasonably safe machinery and appliances to work with, to use ordinary care and

diligence to make repairs, and to keep them in a reasonably safe condition, unless the defects are such as arise in the daily use of the appliances, which ought to be repaired by the workmen and to repair which suitable materials are supplied, and the master is liable for negligence in performing this duty, whether he undertakes to do so himself or intrusts it to another.

SAME—DELEGATION OF DUTY.

2. Where defendant lumber company used hooks in transferring sections of logs to a saw over head, it was its duty to make such repairs to the hooks as could not be made by the workmen, so as to render their use safe, and not necessarily endanger its employees; and it having employed a foreman who had general charge of the mill, with authority to hire and discharge men, purchase supplies, and make all necessary repairs of machinery, and, generally, to have such work done as he thought ought to be done, without consulting the superintendent, it delegated the duty of repairing the hooks to its foreman, who, for that purpose, occupied its place, and for whose acts it was liable.

SAME—"FELLOW SERVANTS"—WHAT CONSTITUTES.

3. In an action against a master for personal injury, an instruction that plaintiff and other persons working in the mill and engaged in the general operation thereof were "fellow servants," provided they were drawing a compensation approximately the same and one was not in authority over the other, was erroneous, as making the criterion of a fellow servant depend upon the compensation and rank of employees, instead of the character of the acts performed by them.

SAME—NATURE OF COMMON SERVICE—"FELLOW SERVANT."

4. Where the hook tender, who attached hooks for the purpose of raising the log which fell on plaintiff, and the operator of the crane by which it was raised, were mere operatives, charged with the performance of no positive duty which the master owed to plaintiff, they were "fellow servants" of plaintiff, for whose negligence the master was not liable.

APPEAL AND ERROR—RECORD—CERTIFICATION OF EXCEPTION—CONCLUSIVENESS.

5. The certification of the trial court that an instruction was duly excepted to is conclusive on appeal.

MASTER AND SERVANT—INJURIES TO SERVANT—"FELLOW SERVANTS"—VICE PRINCIPAL.

6. If a master invests a person with authority to employ and discharge employees in one department of its business, and intrusts such person with the supervision and care of making necessary repairs and caring for the machinery used in its mill, such person, while engaged in performing these duties, is a representative of the master, and not a "fellow servant."

SAME—ACTIONS—INSTRUCTIONS.

7. In an action by a servant for personal injuries, a requested instruction that, if the injury was caused by the negligence of another workman employed in the mill, if he was a fellow servant, plaintiff could not recover, was properly refused, as it left the question of fellow servant to be determined by the jury, without any rule for their guidance.

SAME—DEFECTIVE APPLIANCES—PROMISE TO REPAIR—RELIANCE BY SERVANT.

8. In an action by a servant for personal injuries by a log falling upon him which was being raised by means of hooks attached to a crane, an instruction that if the injury was caused by the use of dull hooks, and the hook tender, knowing the hooks were dull, continued to use them, plaintiff could not

recover, was properly refused, where the evidence showed that the foreman of the mill promised to have the hooks repaired, since the subsequent use of them by the operatives in reliance upon such promise did not constitute a defense.

MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS.

9. If plaintiff's injury was due to the negligent failure of the hook tender, a fellow servant, to sharpen the hooks holding the log which fell on plaintiff, he cannot recover against his employer, unless defendant, through his foreman, knew, or, by exercising reasonable care, should have known, that the hook was defective, and thereafter permitted its use in such condition.

SAME.

10. A master must exercise reasonable care to provide his servants with reasonably safe appliances for work, and to keep them in that condition, and, when such appliances are, or by the use of reasonable diligence might be known to be defective, the master must either remedy the defect or cease using them, even though their defective condition was originally due to the negligence of a mere servant.

COSTS—ON APPEAL—TRANSCRIBING TESTIMONY FOR BILL OF EXCEPTIONS.

11. Section 906, B. & C. Comp., provides that when shorthand notes have been taken by an official reporter, if a party requests a transcript thereof the reporter shall have it made, and the fee therefor shall be paid forthwith by the party for whose benefit it was ordered, and shall be taxed as other costs. *Held*, that either party may have the stenographer's notes transcribed and filed and the costs taxed, and when filed the transcript becomes a part of the record, which may be used in preparing a bill of exceptions; but the cost of copying it for use in a bill of exceptions is no part of the disbursements.

From Multnomah : JOHN B. CLELAND, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action to recover damages for an alleged injury received by plaintiff while in the service of defendant. Defendant is a corporation engaged in the manufacture of lumber. At the time of the accident, its sawmill department was under a foreman named Mullet, who had general charge thereof, with authority to hire and discharge men, to purchase supplies, to make or cause to be made all necesary repairs of machinery and appliances, and, generally, "to have such work done as he felt ought to be done, without consulting" the superintendent or manager.

When logs were brought into the mill, they were cut into cants or sections from 2 to 14 inches in diameter by a circular saw and then transferred to the pony saw at the other side of the mill by an overhead transfer or rolling crane. This crane was equipped with a chain

having at the end thereof hooks which were fastened into the cants or timbers about to be moved and by which they were handled. The crane was operated by two men, one of whom by a system of levers controlled its movements; the duty of the other, called the hook tender, being to see that the hooks were properly fastened into the timber about to be moved, and to balance it while being moved. It was important that the hooks should be sharp, so as easily to penetrate the timbers; but they would become dull or worn from use, and therefore had to be resharpened from time to time. The hook tender was furnished with files with which to "touch up" the points, but in time the hooks would become so worn that they could not be sharpened in this way, and in such a case the foreman would take, or cause them to be taken, to a blacksmith shop and drawn out and sharpened. About a week before the accident to plaintiff, one of the workmen in charge of the crane informed Mullet that the hooks were dull and needed sharpening. Mullet examined them, and, ascertaining that they were in the condition represented by the workman, promised to have them sharpened, but neglected to do so. A day or two later, he was again spoken to about the matter, and he promised to attend to it, but did not. On the day of the accident, while a cant was being transferred from one side of the mill to the other, it fell, as plaintiff claims, on account of the defective hooks, striking the lever by which the movement of the saw carriage was controlled, suddenly starting it, and injuring plaintiff, who was working thereon, and who had no knowledge of the defective condition of the hooks.

At the close of plaintiff's testimony, the defendant moved for a nonsuit, on the ground that the negligence shown, if any, was that of a fellow servant of the plaintiff, for whose conduct defendant was not liable. This motion was overruled, whereupon defendant gave testimony tending to support its side of the case, at the close

of which it requested the court to instruct the jury to return a verdict in its favor, for substantially the same reasons as urged in its motion for nonsuit. This motion was likewise denied, and the cause submitted to the jury.

The court, among other things, instructed them as follows:

"If you find from the evidence that the plaintiff and other persons shown to have been working in the mill of defendant at the time of the alleged injury (providing they were drawing a compensation approximately the same) were engaged in the same general business of conducting the business of operating the mill in which they were working, and one was not in authority over the other, they were fellow servants, and each took the risk of the other's negligence, and for an injury resulting to the plaintiff from the carelessness or negligence of such fellow servant plaintiff cannot recover. If you find from the evidence the defendant invested a person with power and authority to employ and discharge employees in one department of its business, and also intrusted to such person supervision and care of making necessary supervision and repair, and taking proper care of the machinery in use in the mill, then, and in such case, this person, while engaged in the performance of these specified duties, as explained in this instruction, would be the representative of the master, and would not be a fellow servant within the meaning of other instructions given in this case. If you find that the facts alleged in the complaint are established, and you find negligence, and this negligence was that of the person in this case called the foreman, and find the other issues for the plaintiff, you will be warranted in finding a verdict for the plaintiff."

The court refused to instruct, at the request of defendant, that if the injury to plaintiff "was caused by the negligence of another workman who was employed in said mill, either as hook tender or otherwise, so long as he was a fellow servant," plaintiff could not recover, and that if "the injury to plaintiff was caused by the use of dull hooks, and the hook tender, knowing the hooks were dull, continued to use them in that condition,"

plaintiff could not recover.   The plaintiff had verdict and judgment, and defendant appeals.            REVERSED.

For appellant there was a brief and an oral argument by *Mr. John H. Hall.*

For respondent there was a brief over the names of *Messrs. Long & Sweek,* and *Mr. L. E. Cronch,* with an oral argument by *Mr. Joel M. Long.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. The motions for nonsuit and for a directed verdict were properly overruled.   They were grounded on the theory that the foreman was a fellow servant with the plaintiff.   It is the positive duty of a master to furnish his servant with reasonably safe machinery, instrumentalities, and appliances to work with, and by the use of ordinary care and diligence in making repairs to keep them in a reasonably safe condition, and he is liable for the negligent performance of this duty, whether he undertake to perform it himself or intrust it to another (26 Cyc. 1136: 12 Am. & Eng. Enc. Law (2 ed.), 959), unless the defects are such as arise in the daily use of the appliances and which ought to be and are ordinarily remedied by the workman, and to repair which proper and suitable materials are supplied (*Cregan* v. *Marston,* 126 N. Y. 568: 27 N. E. 952: 22 Am. Rep. 854; *Johnson* v. *Boston Towboat Co.,* 135 Mass. 209: 46 Am. Rep. 458).

2. If, therefore, the accident by which plaintiff was injured occurred because of the failure of the hook tender to "touch up" the point of the hooks with a file, it was the negligence of a fellow servant, for whose conduct defendant is not responsible; but if the point of the hooks had become so worn that they could not be so sharpened, and it was necessary to send them to a skilled mechanic, it was the duty of the defendant to do so, and as it delegated that duty to its foreman, it is liable for his negligence in the discharge thereof. *Corcoran* v.

*Holbrook,* 59 N. Y. 517 (17 Am. Rep: 369). It was the duty of the defendant to exercise ordinary care to make such repairs to the hooks as could not be made by the workmen, as was necessary to render them in a safe condition so as not unnecessarily to endanger the life or limbs of its employees, and that duty it delegated to the foreman, Mullet, who for that purpose occupied its place, and for whose acts it is liable.

3. The first instruction complained of is erroneous. By it the jury were told, in effect, that the plaintiff and other persons working in the mill of defendant and engaged in the general operation thereof at the time of the injury to plaintiff were fellow servants, for whose acts the defendant was not liable, provided they were drawing a compensation approximately the same, and one was not in authority over the other, thus making the question of fellow servant to depend upon the compensation and rank of the employees, and not upon the character of the act performed by them. *Mast* v. *Kern,* 34 Or. 247 (54 Pac. 950: 75 Am. St. Rep. 580).

4. There was evidence given by the defendant which it claimed tended to show that the accident occurred because of the negligence of the hook tender or of the operator of the crane. Both of these men were mere operatives, charged with the performance of no positive duty which the defendant owed to the plaintiff, and were therefore fellow servants, for whose negligence the defendant was not liable; and yet, under the instruction as given, the jury could not have so treated them, unless it found from the testimony that they were receiving approximately the same compensation, and one had no authority over the other—a matter wholly unimportant and upon which there was in fact no evidence whatever.

5. It is claimed by the plaintiff that no proper exception was saved to the objectionable part of the instruction, and reference is made to a transcript of the stenographer's notes accompanying the bill of exceptions,

in support of this position; but the court certifies that the instruction was duly excepted to, and this is conclusive here.

6. The other two instructions, we think, correctly stated the law.

7. The instructions requested by defendant were properly refused. The first one leaves the question of fellow servant to be determined by the jury, without any rule for their guidance.

8. As to the other, the evidence shows that the foreman of the mill promised to have the hooks repaired, and therefore the subsequent use of them by the operatives relying on such promise would not constitute a defense in this case.

From this view of the case, it follows that the judgment must be reversed, and a new trial ordered.

REVERSED.

Decided October 6, 1908.

ON PETITION FOR REHEARING.

[97 Pac. 555.]

Opinion by MR. CHIEF JUSTICE BEAN.

9. The statement in the opinion heretofore filed that, if the injury to plaintiff was due to the failure of the hook tender to touch up the points of the hooks with a file furnished him for that purpose, it was the negligence of a fellow servant, for whose conduct defendant is not responsible, should he be so qualified as to make it applicable only in case the defendant neither knew, nor in the exercise of reasonable care might have known, of the defect.

10. It is the duty of the master to exercise reasonable care to provide his servant with reasonably safe appliances and instrumentalities to work with, and keep them in that condition, and from the time an instrumentality is, or by the exercise of reasonable diligence might have been,

known to be defective, an absolute duty on the part of the master arises either to remedy the defect or cease to use the instrumentality, although the dangerous condition was originally due to the negligence of a mere servant. Therefore, if the defendant, through its representative, the foreman, knew, or in the exercise of reasonable care might have known, that the hooks were dull and liable to drop the timber, and thereafter permitted them to be used in that condition, the defense of common employment is not available. La Batt, Master and Servant, § 568.

Petition denied.        REVERSED: REHEARING DENIED.

---

Decided December 15, 1908.

## ON MOTION TO RETAX COSTS.

[98 Pac. 509.]

PER CURIAM: Plaintiff recovered judgment in the court below, and defendant appealed. The judgment was reversed here, with costs. Defendant included in its cost bill an item of $71.10 for "transcribing testimony to incorporate in bill of exceptions." This item was disallowed by the clerk, and it now moves to have the item taxed as a proper disbursement. ·

11. We think the ruling of the clerk was correct. It was in accordance with a practice of long standing and the previous decisions of the court. Section 906, B. & C. Comp., provides that when shorthand notes have been taken in any case, as provided in the act authorizing the appointment of official reporters, if the court or either party to the suit or his attorney requests a transcript of the notes into longhand, the official reporter shall cause full and accurate typewritten transcripts to be made of the testimony, which shall be filed with the clerk of the court where such cause was tried for the use of the court or parties. The fees for making such transcript shall be paid forth-

with by the party for whose benefit the same was ordered, and when paid shall be taxed as other costs in the case. Under this section either party to a suit or action may, upon request, have the stenographer's notes transcribed into longhand and filed in the court, and the cost thereof taxed in the court below as other costs in the case. When so filed, the transcript becomes a part of the record, and may be used in making up a bill of exceptions the same as any other part of the record; but there is no more reason why the costs of copying it or any part thereof for use in a bill of exceptions should be taxed in this court than the expenses of making the bill itself, or copying therein an exhibit, or other matter of record. It is the duty of appellant to prepare for the signature of the trial judge, a bill of exceptions containing so much of the evidence as is necessary to explain the exceptions taken, and, whether the clerical work is done by counsel or some other person, it is no part of the disbursements on the appeal, and cannot be taxed here as such. It was so held by this court in *Ferguson* v. *Byers,* 40 Or. 468 (67 Pac. 1115: 69 Pac. 32) and in *Kunz* v. *O. R. & N. Co.* (no opinion filed).

The ruling of the clerk is therefore affirmed.

MOTION DENIED.