## SOMMER v. COMPTON.

[100 Pac. 289.]

COSTS—DEFINITION.

1. "Costs" are certain sums of money granted by law to the prevailing party by way of indemnity for maintaining an action, or for vindicating a defense.

COSTS—COSTS ON APPEAL—TAXATION.

2. Where a cost bill has been served and filed, containing items of disbursement for the recovery of which the statute or rules of court prescribe maximum sums, and no written objections are interposed, the clerk cannot reject any part of the items charged, if all the charges are within the maximum rates specified.

COSTS—DISBURSEMENTS ON APPEAL—TRANSCRIPT.

3. Section 906, B. & C. Comp., provides that, when shorthand notes of testimony have been taken in an action by the official reporter, a party may secure an accurate typewritten transcript thereof by paying the prescribed fee, which sum may be taxed as other costs. Held, that since the transcript when filed in the trial court becomes a part of the record, and may be used in preparing a bill of exceptions, the cost of copying it for such purpose constitutes no part of the disbursements allowable on appeal.

COSTS—DISBURSEMENTS—TAXATION.

4. Since the successful party on appeal was not entitled to tax as a part of the disbursements the cost of copying a transcript for the purpose of making a bill of exceptions, the clerk of the Supreme Court properly struck such expense from the cost bill, though no formal objections were filed thereto.

## ON MOTION TO RETAX COSTS.

For former opinion, see 52 Or. 173.

*Mr. Morton D. Clifford* for the motion.

*Mr. Francis M. Saxton, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is a motion to retax costs. The judgment for the plaintiffs herein having been reversed, the defendants'

counsel filed in this court a verified statement of disbursements, containing, *inter alia,* the following charge:

"Cost of transcript of testimony, $59."

The bill was served on plaintiffs' counsel, and, although they filed no objection thereto, our clerk disallowed the item. To review that rejection this motion was interposed. In a supplemental affidavit the defendants' counsel states that in the preparation of the bill of exceptions it was necessary to procure for examination a transcript of the testimony given at the trial without which the bill could not have been settled or allowed by the court; that the money so demanded was paid to the official court reporter, whose charge for the transcript is a reasonable fee therefor and the sum prescribed by statute.

1. It is argued that when a cost bill has been filed which was served on an adverse party, who files no objection thereto, the validity of the several items for which charges are made are thus impliedly admitted and become an account stated; and hence the costs and disbursements so asserted ought to be taxed as demanded. Costs are certain sums of money granted by law to the prevailing party by way of indemnity for maintaining an action or for vindicating a defense. Section 560, B. & C. Comp. Thus in the Supreme Court the amount allowed as an attorney fee is $15 (Section 564, B. & C. Comp.), as a trial fee, $6 (Section 1085, B. & C. Comp.) ; and in a civil action as clerk's fees $15, which may be regained (Section 887, B. & C. Comp.). The sums so specified cannot be successfully objected to, and are allowed and taxed as a matter of right without filing a bill therefor. *Anderson* v. *Adams,* 44 Or. 529 (76 Pac. 16). If, by mistake or purposely, a cost bill sets forth fees purported to have been paid in excess of such sums, to which no objections are filed, the prevailing party ought not to be permitted to assert that, because such charges were not controverted, the undue account had

been determined in his favor, and should be paid. A mistake in placing the decimal point in an item of costs might make a fee appear to be ten times the sum prescribed, and, though uncontroverted, it would be a travesty on justice to permit a recovery of the excessive amount. The right to disbursements may be relinquished by neglecting to file a bill therefor before the mandate is issued. Rules Supreme Court No. 28 (50 Or. 584: 91 Pac. XI).

2. We conclude that when a bill for costs has been filed in this court, containing items for which charges are made in excess of the sums established by law, it is the duty of our clerk to disallow the excess, though no objections have been filed. Where, however, a cost bill has been served and filed, containing items of disbursement, for the recovery of which the statute or rules of this court prescribe maximum sums, and no written objections are interposed, our clerk is not permitted to disallow any part of the items charged, if it appear that all the charges are within the rate specified. Hammer v. Downing, 39 Or. 504, 526 (64 Pac. 651: 65 Pac. 17, 990, 67 Pac. 30).

3. To illustrate the principle here asserted, attention is called to rule No. 25 of this court (50 Or. 583: 91 Pac. XI), which makes it incumbent upon the clerk in taxing costs to allow the prevailing party as a disbursement the actual expense incurred in printing his abstract or brief, not exceeding a specified sum per page. When, from an inspection of the number of pages of an abstract or a brief, it appears that the sum charged therefor does not exceed the rate specified, and no formal objections to the cost bill are interposed, it is the duty of the clerk to tax the amount demanded. This is so because the evidence before him does not reveal that the charge exceeds the actual amount paid or incurred for the printing. In the case at bar it will be remembered that the item disallowed was the expense necessitated in procuring

a transcript of the testimony given at the trial, the securing of which it is asserted was essential to the preparation of the bill of exceptions. The statute provides that, when shorthand notes of testimony have been taken in an action by the official reporter, a party may secure an accurate typewritten transcript thereof by paying the prescribed fee therefor, which sum may be taxed as other costs. Section 906, B. & C. Comp.

4. In construing this section in *Allen* v. *Standard Box & Lbr. Co.*, 53 Or. 10 (98 Pac. 509), it was ruled that either party to an action may have the stenographer's notes extended into longhand, and the expense thereof taxed in the lower court, and that, when such transcript is filed, it becomes a part of the record, and may be used in preparing a bill of exceptions, but that the cost of copying it for such purposes constitutes no part of the disbursements.

The decision rendered in that case is controlling herein, from which it follows that the defendants are not legally entitled to any part of the sum so demanded, though no objections thereto were filed, and the clerk properly disallowed the item.

The motion to retax the disbursements is therefore denied.                                                    DENIED.