Argued March 24, decided June 8, motion to retax costs denied July 20, 1909.

## McGEE v. BECKLEY.

[102 Pac. 303; 103 Pac. 61.]

TRIAL—INSTRUCTIONS IGNORING ISSUES.

1. The defendant, in an action on an express contract to pay rent, denied the contract, and alleged as a defense that a trustee in bankruptcy took possession of the premises under a decree against the plaintiff and leased them to defendant for a stipulated rental, which was the reasonable rental value of the premises, and paid into court the amount admitted to be due. Plaintiff's reply denied the new matter alleged in the answer, and averred that the decree had been reversed and the suit in which it was given dismissed. *Held*, that the issue made by the answer and reply was proper, and it was error to give an instruction that plaintiff's right to recover the reasonable rental value was not involved in the case.

COSTS ON APPEAL—EXPENSES OF TRANSCRIBING TESTIMONY.

2. The costs of transcribing the stenographer's notes of the testimony must be taxed in the lower court, as required by Section 906, B. & C. Comp., and are not taxable as part of the disbursements on appeal.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an action by J. T. McGee against J. W. Beckley to recover a balance alleged to be due as rent. It is stated in the complaint:

That on June 19, 1906, the plaintiff leased to the defendant a house and a barn, for the use of which the latter agreed to pay a monthly rental of $7.50 and $12.50, respectively; that the defendant used the barn 14 months and 21 days, and occupied the house 15 months and 11 days, the total rent thereof being $298.86, no part of which has been paid except $144.60, thus leaving due $154.26.

The answer denied each averment of the complaint, and for a separate defense alleged: That on April 17, 1906, in a suit wherein C. I. Leavengood, as trustee

of the bankrupt estate of P. T. McGee, was plaintiff, and the plaintiff herein and others were defendants, it was decreed that the bankrupt was the owner of the land described in the complaint, which premises were ordered to be sold to satisfy the claims against such estate; that, pursuant to the decree, the trustee took possession of such land, and on June 19, 1906, leased the barn and house at $10 and $5 a month, respectively, to the defendant herein, who used the barn from that time and occupied the house from July 15, 1906, paying the stipulated rent till July 1, 1907, to the trustee, who gave the same to the plaintiff, McGee; that $15 a month is the reasonable rental value of both buildings during all the time the defendant had possession thereof; that on September 1, 1907, he surrendered to the plaintiff the house, and nine days thereafter the barn; that about October 2, 1907, the defendant offered to pay the plaintiff, as rent for the buildings from July 1, 1907, to the time they were so surrendered, the sum of $62.50, which, before the commencement of this action, was tendered to the plaintiff, but refused by him, whereupon that sum was deposited for him with the clerk of the trial court.

The reply denied the allegations of new matter in the answer, and averred that an appeal was taken from the decree referred to and an undertaking given which stayed the proceedings, in consequence of which no sale of the land was made, and that on August 20, 1907, the decree was reversed, and the suit in which it was given was dismissed. The case at bar was tried, resulting in a verdict for the defendant, and judgment having been rendered thereon, dismissing the action, the plaintiff appeals.                                        REVERSED.

For appellant there was a brief and an oral argument by *Mr. Commodore S. Jackson.*

For respondent there was a brief over the names of *Messrs. Fullerton & Orcutt,* with an oral argument by *Mr. James C. Fullerton.*

Opinion by Mr. Chief Justice Moore.

An exception having been taken to the following instruction, it is contended by plaintiff's counsel that an error was committed in giving it, to-wit:

"Now it is claimed that there is evidence in this case tending to show that there was an agreement entered into as stated in the complaint, and that the defendant entered into possession under this agreement, and it is claimed on behalf of the defendant that he went into possession of the premises, but without any agreement as to the amount to be paid as rental, and that his occupancy was during a time that there was litigation pending relative to the ownership of this identical property, the possession of which he took, and it is claimed that there is some evidence which tends to show that he did not enter into the contract as claimed by the plaintiff there, being governed to some extent by the fact of the uncertainty of the title to the property, being as he claimed in litigation. Now you are the judges of the facts in the case, and if you should find from the evidence (it should appear from the evidence) that the defendant entered into possession of this property (rented it from the plaintiff), but that there was no express agreement as to the amount which he should pay, then the plaintiff would not be entitled to recover in this action. The law in such a case would be that the plaintiff would be entitled to recover what would be the reasonable value, and that is not a question in this case."

From an examination of the pleadings, the substance of which is hereinbefore set forth, it will be seen that the cause of action stated in the complaint is based upon an express agreement, but that the answer denied that any such contract had been consummated by the parties. The title to the land on which the house and barn stood was challenged; but, by the dismissal of the suit, the controversy was determined in McGee's favor. *Leavengood* v. *McGee*, 50 Or. 233 (91 Pac. 453). It was thus impliedly established that Leavengood had no authority to lease the buildings, and, in view of such conclusion, it was evidently alleged in the answer that $15 a month, the sum which the defendant asserts he had agreed to

pay the trustee in bankruptcy, was the reasonable rental value of the use of the house and the barn during all the time he had possession thereof. Such averment was made in the answer in order to reduce the amount demanded in the complaint, by proving, if possible, that no express contract for the leasing of the premises had been entered into by the parties, and that, though the defendant had used and occupied the premises without authority, the reasonable rental value of the buildings did not exceed $15 a month. The issue thus tendered was proper, and, in the light of the facts, constituted the only valid defense which could have been interposed.

If, from the evidence introduced at the trial, the jury were satisfied that the plaintiff's theory of the case had been established, a verdict should have been returned in his favor for $154.26. If, however, they were convinced that the testimony supported the defendant's hypothesis, they should also have found in favor of the plaintiff in the sum of $62.50, as admitted in the answer, and should have further found whether or not a proper tender had been made, so as to enable the court to determine who was entitled to recover the costs and disbursements. Section 573, B. & C. Comp. The jury might have found that no express contract for the leasing of the buildings had been consummated by the parties, and that the reasonable rental value was greater than alleged in the answer. Such a conclusion would have entitled the plaintiff to the costs and disbursements. *Jacobs* v. *Oren,* 30 Or. 593 (48 Pac. 431). Instead of returning either of the verdicts indicated, the jury found for the defendant, and a judgment dismissing the action was rendered against the plaintiff, notwithstanding the pleadings admitted that $62.50 was due him, and that such sum was on deposit for him with the clerk of the trial court.

Under the issue made by the averments of new matter in the answer and by the denial thereof in reply, the

plaintiff was entitled to the reasonable rental value of the buildings during all the time the defendant had possession thereof. This question was directly involved in the case at bar.

In giving the instruction quoted, an error was committed necessitating a reversal of the judgment, which is ordered.                                REVERSED.

Decided July 20, 1909.

ON MOTION TO RETAX COSTS.

[103 Pac. 61.]

*Mr. Commodore S. Jackson,* for the motion.

*Mr. James C. Fullerton, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is a motion to retax costs. The judgment rendered herein having been reversed, plaintiff's counsel filed in this court a cost bill containing, *inter alia,* the following demand: "Preparing transcript, including bill of exceptions, $45." This item was disallowed by our clerk, and to review his action this motion was interposed.

2. It appears by affidavits that the charge so rejected was incurred in procuring the extension into longhand of the stenographic notes of the testimony given at the trial. The statute provides that when shorthand notes have been taken by an official reporter, if a party requests a transcript thereof, the reporter shall have it made, and the fee therefor shall be paid forthwith by the party for whose benefit it was ordered, and the expense thereof shall be taxed as other costs: Section 906, B. & C. Comp. In construing this enactment, it has been determined that in this court such costs are not proper disbursements in a law action, and that, in order to secure the payment of the sum paid to the official reporter for such service, the party entitled thereto must have such costs taxed in the

lower court: *Allen* v. *Standard Box & Lum. Co.*, 53 Or. 10
(98 Pac. 509) ; *Sommer* v. *Compton*, 53 Or. 341 (100
Pac. 289).

The motion is therefore denied.

Reversed : Motion to Retax Costs Denied.