Argued October 29, decided November 26, motion to retax costs denied December 31, 1912, rehearing denied February 18, 1913.

### WEST v. McDONALD.

(127 Pac. 784.)
(128 Pac. 818.)

**Work and Labor—Contract of Employment—Validity—Liability.**

1. One may employ another to do any lawful thing, though the work may prove futile for any useful purpose, or though it is known that the performance will be vain, and in that event the latter may recover what will reasonably and fairly compensate him for his labor.

**Contracts— Work and Labor— Contracts of Employment— Performance as Essential to Recovery.**

2. A contract to bore a well for a specified sum per foot to such a depth as will afford a supply of water, and to make no charge for the excess of boring deeper than a specified number of feet necessary to obtain water, is an entire contract which the contractor must perform before he may recover any compensation, unless performance becomes impracticable and the services rendered are of value to the owner, in which case there may be a recovery for the reasonable value of the services rendered.

**Work and Labor—Contracts of Employment—Performance as Essential to Recovery.**

3. A contractor for the accomplishment of an entire and indivisible undertaking impliedly agrees to stand the loss, where the work is not accomplished and part performance is useless to the other party, and an essential element to support a recovery for part performance is that part performance is of some value to the other party.

**Trial—Theories—Instructions.**

4. Where plaintiff suing for boring a well sought compensation on a quantum meruit, irrespective of whether his services were beneficial or not, while defendant maintained that the work was done under an entire and indivisible but not completed contract, and that what was done was useless to any one, and the testimony sustained the theory of both parties, the failure to submit defendant's theory by charging that there could be no recovery if plaintiff did not bore a complete well was erroneous, though the court submitted the affirmative and negative of plaintiff's theory.

**Trial—Instructions—Submission of Theories of Parties.**

5. Where the theories of the parties are sustained by evidence, each party has the right to have his theory presented to the jury.

**Costs—Costs on Appeal—Expenses in Procuring Transcript of the Evidence.**

6. The rule that the expenses incurred by appellant in procuring a transcript of the evidence in the circuit court must be taxed there, and will not be included in the cost bill in the Supreme Court, will be adhered to though the transcript in law cases may be transmitted to the Supreme Court on appeal, and appellant may, after a reversal of the case and return of the mandate to the circuit court, file his cost bill there for such costs.

**Costs—Costs on Appeal—Expenses in Procuring Transcript of the Evidence.**

7. The only costs taxable in the Supreme Court under the statute and rules of court are attorney's fee, filing and trial fees, cost of transcript and of printing abstract and briefs; but express charges for transmitting the record to the Supreme Court may not be included.

From Union: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by R. A. West against Duncan McDonald. The complaint declares:

"That between July 22, 1911, and August 9, 1911, the plaintiff performed and furnished work and labor in boring a well and iron pipe for casing the same to the depth of 350 feet for the defendant, at his special instance

and request, of the reasonable value and amount of $1.50 per foot, amounting to the aggregated sum of $525; that said sum of $525 is now due and owing from defendant to plaintiff, no part of which is paid."

The answer upon which the cause was tried denies every allegation of the complaint except as afterwards stated. The further answer avers, in substance, that the defendant, together with others named in the answer, clubbed together and raised a fund amounting to $150 for the purpose of having a well driven; that the plaintiff contracted and agreed with the defendant and the other persons named that he would drive a well for the defendants at a point named for $1.50 per foot to such a depth as it would be necessary to go in order to get a well of water, provided that if a flow of water was not found within 100 feet from the surface plaintiff would complete said well for $150 if it were necessary to go more than 100 feet deep; that the defendant and the other parties named on behalf of themselves and the other subscribers to the fund agreed to pay the plaintiff at the rate of $1.50 per foot for the number of feet it would be necessary to drive the well to get good water, not to exceed $150, and the plaintiff contracted to drive the well, furnishing all the materials therefor, and get a good flow of water, for the contract price of $1.50 per foot, and that if he had to go more than 100 feet in depth he would not charge anything for the excess of 100 feet. The answer then goes on to state that the plaintiff drove the well, and at a depth of about 60 feet struck a good flow of excellent water which would be sufficient for all the purposes of the defendant and his associates; but that the plaintiff, disregarding the terms of his contract, drove the pipe down and cut off the flow of water and afterwards abandoned the well without having completed his contract, and that the defendant and his fellow subscribers were compelled to and did drive a well alongside of the one which plaintiff had driven down to the depth

of 60 feet, where they struck the flow of water which plaintiff had cut off and abandoned.

The reply traverses every allegation in the amended answer except as stated in the complaint. A jury trial resulted in a verdict in favor of the plaintiff for $525, and from the ensuing judgment the defendant has appealed.                                        REVERSED.

For appellant there was a brief over the names of *Mr. Turner Oliver* and *Messrs. Crawford & Eakin,* with oral arguments by *Mr. Thomas H. Crawford* and *Mr. Oliver.*

For respondent there was a brief and an oral argument by *Mr. Charles H. Finn.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Among others, the defendant requested the court to give this instruction to the jury:

"If you find from the evidence in this case that the understanding and agreement between the plaintiff and the defendant was that the plaintiff should cease drilling and complete the well whenever he struck a good flow of water, and that he did strike a good flow of water at 70 or 80 feet, but that he cut off this water and continued drilling to 350 feet, and never completed the well or secured a flow of water, then I instruct you that the plaintiff cannot recover, and it will be your duty to return a verdict for the defendant."

1. It is competent for Jones to employ Brown to bore a hole in the earth or to do any other lawful thing, although the work may prove futile for any useful purpose, or, for that matter, even if it was known in advance that the performance would be vain. In that case Brown could recover by an action on the *quantum meruit* what would reasonably and fairly compensate him for his labor.

2. On the other hand, if Brown contracts with Jones to bore a well for the latter for a specified sum of money

per foot to such a depth as will afford a supply of water
and to make no charge for the excess of boring deeper
than 100 feet necessary to obtain water, there is an entire
contract which Brown must perform according to its
terms before he is entitled to recover any compensation
from Jones, if nothing else is shown.  An exception
relieving the stringency of the latter supposed case is
thus stated in the words of Mr. Justice BOISE in *Tribou
v. Strowbridge,* 7 Or. 156:

"We think the rule in this State is that where one per-
forms service for another on a special contract, and for
any reason, except a voluntary abandonment, fails· to
fully comply with his contract, and such compliance be-
comes impracticable, and the service has been of value
to him for whom it was rendered, he may recover for
such services its reasonable value."

Although this statement was declared by the same
judge, in the case of *Steeples* v. *Newton,* 7 Or. 110 (33
Am. Rep. 705), to be obiter and unnecessary to  the
decision of the case in which he used the language quoted,
yet the court adopted it in the case in which the criticism
was made, and the principle has governed all similar
cases in this court since then.   *Todd* v. *Huntington,* 13
Or. 9 (4 Pac. 295) ; *Gove* v. *Island City M. & M. Co.,* 19
Or. 363 (24 Pac. 521) ; *Murray's Estate,* 56 Or. 123 (107
Pac. 19).   One essential element of the rule, without the
presence of which the person doing the service under an
express and entire contract cannot recover, is that the
labor must have been of some value or benefit to the one
for whom it was performed.

3. The contractor for the accomplishment of an entire
and indivisible undertaking impliedly agrees to stand the ·
loss if his task is not accomplished and his part per-
formance is useless to the other party.  The only reason
why the contractor is allowed to recover for any partial
performance is that the work is of some material advan-
tage to the one with whom he contracts and whom the

law will not allow to retain the benefits of another's labor without paying for it.

4. The pleading in this case presents the two theories which we have attempted to illustrate. The plaintiff contends for compensation on the *quantum meruit* irrespective of whether his services in question were in the end beneficial or not. The defendant maintains that the work was done under an entire and indivisible but not completed contract, and that what was done was utterly useless to any one, so that the plaintiff must stand the loss.

5. There is testimony in the records in support of the contention of each party. The defendant as well as the plaintiff had the right to have his theory of the case presented to the jury, but, in effect, the cause was submitted on the mere affirmative and negative of the plaintiff's theory. The defendant contends that he contracted for a well of living water, but received, on account of plaintiff's fault, a dry hole in the ground of no use to him or to any one else, and he was entitled to go to the jury on that question. The quoted instruction requested by the defendant, or one of like import, should have been given illustrating the futility of trying to recover for useless labor performed under an express and entire contract but voluntarily left by the contractor uncompleted. Other questions were suggested at the argument; but, deeming them unnecessary to a decision of the case, they will not be discussed here. The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.                    Reversed.

Decided December 31, 1912, rehearing denied February 18, 1913.

## ON MOTION TO RETAX COSTS.

### (128 Pac. 818.)

Opinion PER CURIAM.

Plaintiff had judgment in the lower court. Defendant appealed, and the judgment was reversed in this court. Defendant filed a cost bill here, which includes an item of $60 paid to the court reporter for a transcript of the evidence taken at the trial in the circuit court, and an item of $1.05, express charges paid for transmitting the record to the Supreme Court.

6. It has been held many times by this court that the expenses incurred by the appellant in procuring a transcript of the evidence in the circuit court must be taxed there, and will not be included in the cost bill in this court. *McGee* v. *Beckley,* 54 Or. 250 (102 Pac. 303: 103 Pac. 61) ; *Ayre* v. *Hixson,* 53 Or. 19 (98 Pac. 515: 133 Am. St. Rep. 819) ; *Sommer* v. *Compton,* 53 Or. 341 (100 Pac. 289). And the situation is not changed by the fact that now the transcript of testimony in law cases may be transmitted to this court on appeal. The appellant, having no opportunity to present his costs to the circuit court, after a reversal of the case and the return of the mandate to that court has an opportunity to file his cost bill for the costs incurred in that court; and there is no reason to change the rule announced in the cases above cited.

7. As to the item of express charges, no provision is made by law for taxing such expense. The only costs taxable in this court, as contemplated by statute or by the rules of this court, are attorney's fee, filing and trial fees, cost of transcript and of printing abstract and briefs. Motion to retax is denied.

REVERSED: REHEARING DENIED.

MOTION TO RETAX COSTS DENIED.