Argued March 11, reversed March 30, motion to retax costs denied
June 15, 1915.

DELOVAGE v. OLD OREGON CREAMERY CO.,

(147 Pac. 392; 149 Pac. 317.)

**New Trial—Grounds—Waiver of Law.**

1. Under Section 548, L. O. L., providing that for the purpose of being reviewed an order setting aside a judgment and granting a new trial shall be deemed a judgment or decree, the Circuit Court can enter such order only when in the trial of the cause an error was committed so prejudicial that the judgment rendered would be reversed on appeal.

**Negligence—Actions—Questions for Jury.**

2. Negligence is a question of fact to be determined by the jury.

**Municipal Corporations—Use of Streets—Actions for Injuries—Instructions.**

3. In an action for injuries to a pedestrian on a city street, who was struck by a wagon, a requested instruction that there was no rule of law which makes it negligence for a person to stand in the street for a moment when he has taken proper precautions to look for approaching vehicles was misleading, as implying that the plaintiff would not, as a matter of law, be negligent under such circumstances, whereas it was for the jury to say whether or not such acts were negligent.

**Trial—Instructions—Applicability to Issues—Negligence.**

4. Where a complaint for injuries to a pedestrian on a city street made no charge that defendant's wagon was being driven at improper speed, a requested charge, predicated in part on a finding of excessive speed, was properly refused.

**Trial—Use of Streets—Actions for Injuries—Instructions—Assumption of Facts.**

5. A requested instruction that a person who sees no wagon approaching for a sufficient distance to warrant a cautious person in

believing it is safe to attempt a crossing has a right to proceed, relying upon the assumption that a warning would be given of an approaching vehicle, is erroneous as assuming that it was the duty of a driver to give a warning, which was a question of fact for the jury.

**Trial—Use of Streets—Requested Instructions—Modification.**

6. Where a complaint for injuries to a pedestrian on a city street did not charge the driver of the wagon with losing control thereof, it was proper for the trial court to modify a requested instruction that it was the duty of travelers by vehicles to keep the same under control so as not to injure pedestrians in the proper exercise of their rights, so as to charge that it was the duty of each to exercise reasonable care under the circumstances.

### ON MOTION TO RETAX COSTS.

**Costs—Costs on Appeal—Expense of Transcript.**

7. One who successfully appeals from a judgment in an action at law may not have the expense of transcribing the testimony taxed as a disbursement in the appellate court.

**Costs—Costs on Appeal—Expense of Transcript.**

8. The rule that expenses incurred by an appellant in a law case in procuring a transcript must be taxed below as costs, and cannot be so taxed on appeal, is not changed because under Article VII, Section 3 of the Constitution, as amended in 1910, "either party may have the whole testimony attached to the bill of exceptions," thus transmitting the transcript to the appellate court on appeal.

From Multnomah: Robert G. Morrow, Judge.

Department 2. Statement by Mr. Justice Burnett.

This is an action by Samuel Delovage against the Old Oregon Creamery Company, a corporation, to recover damages for personal injuries said to have been sustained by the plaintiff in a collision with the defendant's wagon. The complaint states, in substance, that the plaintiff was walking along Washington Street in Portland, and when he came to the intersecting West Park Street, he looked around before starting across the latter highway. Having proceeded a short distance, he noticed a large truck coming from the south, and stopped to allow it to pass. The principally essential allegation of his first pleading here follows:

"While he was so standing and in full view, the defendant, through its agent and employee, driving a horse and one of its delivery wagons, came down Washington Street in said city going east, and suddenly turned from said Washington Street into West Park, going south, and with plaintiff in full view came behind him and, without regard to plaintiff's rights, the said defendant through its agents and employees drove said horse and delivery wagon without regard to plaintiff's position so carelessly, negligently and recklessly and without warning to the plaintiff as to strike plaintiff, throwing him down and dragging him for a considerable distance, thereby fracturing the fibula and internal malleolus of the left leg, and also producing a fracture of the metatarsal bone of the right foot."

The remainder of the declaration recounts his injuries and alleges his damages. The answer denies all the statements of the complaint and affirmatively imputes to the plaintiff contributory negligence, all of which is traversed by the reply. On the features involved on this appeal the court instructed the jury as follows:

"Pedestrians and vehicles of all kinds have equal rights on the street. Whatever the rule may be in the country, on a paved street, in the city, people have a right to cross and recross and go along the street without reference to vehicles, except that they must exercise reasonable care under the circumstances under which they move, and the vehicle must also exercise reasonable care under the circumstances in which it moves. The parties owe each other reciprocal duties of reasonable care commensurate with the situation, and with their respective ages and intelligences.

"If this occurrence was a pure accident, that is, if it could not have been avoided, why nobody is responsible. If it resulted from the negligence of the employees of the creamery company, without contribu-

tory negligence on the part of the plaintiff, then the company is liable.

"Contributory negligence, under the law of this state, is an absolute defense, without reference to the degree of it. If Mr. Delovage failed in any degree to exercise reasonable care under the circumstances shown, and the employees avoided—if Mr. Delovage failed to exercise reasonable care, that ends it. * *

"(1) The failure of a pedestrian to look and listen for approaching teams as he passes over a crosswalk at a junction of two streets is not necessarily such negligence as will prevent recovery if he is run over by a passing team. Notice, gentlemen, the word 'necessarily' as to the failure to stop and look is not 'necessarily' negligence."

"(3) A pedestrian has the legal right to travel on foot upon the traveled way, but whether he acts with reasonable care in leaving the sidewalk or the traveled way at any time depends upon whether his conduct under the circumstances conforms to that of an ordinary prudent person under the circumstances.

"(4) A pedestrian has the right to cross a street at any point, exercising reasonable care for his own safety. So he has a right to cross a street between its regular crossings, but he is bound when doing so to be reasonably careful.

"(5) A pedestrian and travelers in wagons have equal rights in the street, and while the sidewalk is the place for pedestrians alone, yet they have the right also to walk across or along the street, and it is the duty of both pedestrian and travelers by vehicle to recognize the right of each to be upon the street, and it is the duty of each to exercise reasonable care under the circumstances."

The numbered instructions were given at the request of the plaintiff, except that No. 5 was modified as hereinafter stated. The court refused to give the following instructions requested by the plaintiff:

"(2) There is no rule of law which makes it negligent for a person to stand in the street for a few moments when he has taken proper precaution to look for approaching vehicles."

"(6) A person who looks and sees no wagon approaching for a sufficient distance to warrant a cautious person to believe that it is safe to attempt to cross a crossing has the right to proceed, relying upon the assumption that a warning would be given of an approaching vehicle at any excessive speed, and which was not in sight when he left the sidewalk, and the absence of additional facts calling for the exercise of greater vigilance cannot be said to be negligence, as a matter of law, if he does not thereafter look in the direction from which danger happens to come."

The modification of No. 5 consisted in striking out these words, "And it is the duty of travelers by vehicles to keep the same under control so as not to injure pedestrians in the proper exercise of their rights," and substituting for them this clause, "And it is the duty of each to exercise reasonable care under the circumstances." The jury returned a verdict for the defendant, and on motion of the plaintiff the court set aside the resulting judgment and granted a new trial, assigning as a reason therefor that "the court failed to give instructions 2 and 6, requested by plaintiff, and improperly modified instruction 5." From this order the defendant appealed.

REVERSED AND REMANDED.

For appellant there was a brief with oral arguments by *Mr. John C. Shillock* and *Mr. John J. Fitzgerald.*

For respondent there was a brief over the name of *Messrs. Bernstein & Cohen,* with an oral argument by *Mr. Alex Bernstein.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The order setting aside the judgment and order-ing a new trial is appealable: Section 548, L. O. L. The standard by which the correctness of the trial court's action in such cases is to be judged is thus laid down by Mr. Justice MOORE in *L. C. Smith & Bros. Typewriter Co.* v. *McGeorge,* 72 Or. 523 (143 Pac. 905):

"Under the provisions of this statute, the right of a Circuit Court to set aside a judgment and grant a new trial can be exercised only when in the trial of a cause an error has been committed which is so prejudicial to the defeated party that the judgment rendered against him would, if allowed to remain in force, be reversed on appeal. When the trial court, within the time al-lowed, discovers that such a mistake of law has been made, it may, *sui sponte* or on motion, correct the error by setting aside the judgment and granting a new trial, thereby avoiding the necessity of and the expense that would be incurred by an appeal: *De Vall* v. *De Vall,* 60 Or. 493 (118 Pac. 843, 120 Pac. 13, Ann. Cas. 1914A, 409, 40 L. R. A. (N. S.) 291); *Taylor* v. *Taylor,* 61 Or. 257 (121 Pac. 431, 964); *Sullivan* v. *Wakefield,* 65 Or. 528 (133 Pac. 641)."

2. That negligence is a question of fact to be deter-mined by the jury is stated in *Palmer* v. *P. Ry. L. & P. Co.,* 56 Or. 262 (108 Pac. 211); *Sullivan* v. *Wake-field,* 59 Or. 401 (117 Pac. 311); *Kovachoff* v. *St. Johns Lbr. Co.,* 61 Or. 174 (121 Pac. 801).

3. It is contended that error was committed in the refusal of plaintiff's requested instruction No. 2. That is an adaptation of language used in *Doyle* v. *Foster,* 128 App. Div. 281 (112 N. Y. Supp. 675), and *Berler* v. *Kane,* 139 App. Div. 76 (123 N. Y. Supp. 836), cited by the plaintiff. In those cases the trial court had

proceeded upon the theory that as a matter of law a person standing in a street in the city of New York was guilty of such contributory negligence as would defeat his right to recover, and it was about this situa- tion that the courts used the language substantially embodied in the request of the plaintiff here under consideration. When applied to the case there, the statement of the rule is correct; but the converse is not true. We cannot say conclusively that under all conditions a man is in the exercise of due care when he uses his privilege of standing in the street. Remembering that the question of negligence is one of fact for the jury, this instruction, if given, would have been misleading because it implies that as a matter of law the plaintiff would not be negligent under the circumstances if he stood in the street after having looked for approaching vehicles. A footman might look out into the street and see a runaway team coming, but it would be negligent for him to claim his right to stand in the thoroughfare and go out in front of the team. Yet the application of the instruction asked by the plaintiff would permit just such conduct. .

4. The vice of instruction No. 6 is predicated in part upon the hypothesis that there was excessive speed involved, whereas no such charge is made in the complaint; and hence in that respect the instruction was abstract. It was not framed according to the issues raised by the pleadings. It was properly refused in the first instance.

5. Again, it is faulty in assuming as a legal conclusion that the failure of the driver of a vehicle to give warning of its approach is negligence. This would invade the province of the jury. We cannot draw the conclusion as a matter of law that there is, in all cases, negligence where one fails to give warning that his

wagon is coming. It depends upon the circumstances of the case and must be left to the consideration of the jury.

6. The defect in plaintiff's requested instruction No. 5 as propounded by him is in the use of this language:

"And it is the duty of travelers by vehicles to keep the same under control so as not to injure pedestrians in the proper exercise of their rights."

Again we note that the defendant is not charged with losing control of its vehicle, and the court properly struck out the excerpt quoted, and in lieu thereof added this:

"And it is the duty of each to exercise reasonable care under the circumstances."

The language of the request which we have noted would seem to impose a duty on the driver without reference to the reciprocal obligation of the footman. The amendment cured the partiality of such words, and properly declared the rule applicable to such cases.

A review of the instructions given by the court at the trial convinces us that no error was committed therein, and that nothing contained in the charge would have worked out a reversal of the judgment in this court on appeal. Correct as the court was in the first instance, it was wrong for it to overturn its own conclusion. Having a case with regular pleadings, no error being assigned upon the reception or rejection of testimony, the jury, under proper instructions about the law, rendered its verdict for the defendant, and that constitutes a final determination of the facts involved. A corresponding judgment is inevitable.

The order setting aside the first decision and granting a new trial will therefore be reversed and the cause remanded, with instructions to the Circuit Court to enter judgment for the defendant on the verdict.

REVERSED AND REMANDED.

Mr. Chief Justice Moore, Mr. Justice Bean and Mr. Justice Harris concur.

---

Denied June 15, 1915.

On Motion to Retax Costs.

(149 Pac. 317.)

Department 2: Statement by Mr. Justice Harris.

An order granting plaintiff's motion for new trial was reversed and remanded on defendant's appeal, and the defendant now moves to retax the costs.

MOTION DENIED.

*Mr. John C. Shillock* and *Mr. John J. Fitzgerald,* for the motion.

*Mr. Alex Bernstein, contra.*

Mr. Justice Harris delivered the opinion of the court.

1, 2. This is a motion to retax costs. Having prevailed in this court, the appellant filed a cost bill, which includes an item of $50.90 for the transcript of the testimony. The appeal was from a judgment in an action at law, and a firmly established rule has denied the right of an appellant to have the expense of transcribing the testimony in an action at law taxed as a dis-

bursement in this court: *Ferguson* v. *Byers,* 40 Or.
468, 477 (67 Pac. 1115, 69 Pac. 32) ; *Allen* v. *Standard
Box & Lumber Co.,* 53 Or. 10, 19 (96 Pac. 1109, 97 Pac.
555, 98 Pac. 509) ; *Sommer* v. *Compton,* 53 Or. 341 (100
Pac. 289) ; *Boothe* v. *Farmers & Traders' Nat. Bank,*
53 Or. 576, 588 (98 Pac. 509, 101 Pac. 390) ; *McGee* v.
*Beckley,* 54 Or. 250, 254 (102 Pac. 303, 103 Pac. 61) ;
*De Vall* v. *De Vall,* 57 Or. 146 (109 Pac. 755, 110 Pac.
705). It is contended that the practice sanctioned by
repeated decisions must of necessity be changed be-
cause by the terms of Article VII, Section 3, of the
state Constitution as amended in 1910, "either party
may have attached to the bill of exceptions the whole
testimony." A decision of the identical question pre-
sented by this motion has been made and is now *stare
decisis.* In *West* v. *McDonald,* 64 Or. 203, 209 (128
Pac. 818), this court said:

"It has been held many times by this court that the
expenses incurred by the appellant in procuring a
transcript of the evidence in the Circuit Court must
be taxed there, and will not be included in the cost bill
in this court. * * And the situation is not changed by
the fact that now the transcript of testimony in law
cases may be transmitted to this court on appeal. The
appellant, having no opportunity to present his costs
to the Circuit Court, after a reversal of the case and
the return of the mandate to that court, has an oppor-
tunity to file his cost bill for the costs incurred in that
court; and there is no reason to change the rule an-
nounced in the cases above cited."

The motion to retax costs is therefore denied.

MOTION DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and
MR. JUSTICE BURNETT concur.