Submitted on briefs July 13, affirmed July 27, rehearing denied September 28, 1920.

## BURDICK *v.* TUM–A–LUM LUMBER CO.

(191 Pac. 654.)

**Costs—Expense of Procuring Transcript in Circuit Court Taxable There Only.**

1. The expenses incurred by a party in procuring a transcript of the evidence in the Circuit Court must be taxed in such court, and will not be included in the cost bill in the Supreme Court.

**Costs—Term Defined.**

2. Under Section 561, L. O. L., "costs" are certain sums of money granted by law to the prevailing party by way of indemnity for maintaining an action, or for vindicating a defense, being an incident of the judgment.

**Costs—Defendant, After Reversal of Adverse Judgment and Before New Trial and Judgment for It, not Entitled to Expense of Transcript of Testimony.**

3. Under Section 564, L. O. L., judgment for plaintiff in an action at law having been reversed on defendant's appeal, the case standing ready for new trial and undetermined, defendant is not entitled to an item of costs for the expense of procuring a transcript of the evidence in the Circuit Court, not having obtained judgment there, while its having prevailed on appeal to the Supreme Court entitled it only to costs in such court, not including expenditure for the transcript.

From Jefferson: T. E. J. Duffy, Judge.

In Banc.

This action was before this court in *Burdick* v. *Tum-A-Lum Lumber Co.*, 91 Or. 417 (179 Pac. 245).

On August 1, 1917, the defendant filed its transcript on appeal in the case. That document included the typewritten transcript of the testimony taken upon the trial of the cause and filed with the county clerk, which was made by the official reporter. The defendant paid the reporter therefor the sum of $157.65. On March 11, 1919, this court filed its opinion in the case on appeal, and reversed the judgment of the trial court, and remanded the cause for a new trial. In due course the mandate of this court was sent to the county clerk, and the trial court on April 14, 1919, ordered the mandate entered, and rendered a judgment in favor of defendant and against plaintiff for costs, amounting to $273, fixed by this court in the mandate. Defendant then served plaintiff with its cost bill, amounting to $157.65 paid for the transcript of the testimony, and filed the same with the county clerk on April 17, 1919. On June 9, 1919, the lower court entered an order denying defendant's motion and disallowing this item of costs at that time, and adjudged that the same "should abide the outcome of the new trial." From this order defendant appeals.    .AFFIRMED. REHEARING DENIED.

For appellant there was a brief submitted over the names of *Mr. George S. Shepherd* and *Willametta McElroy.*

For respondent there was a brief prepared and submitted over the names of *Mr. Denton G. Burdick* and *Mr. Jesse Stearns.*

BEAN, J.—The position of the defendant upon this appeal is that it is entitled to a judgment at this time for the expense of the transcript of the testimony. The contention on behalf of plaintiff is that

the matter of taxing the cost of the transcript must await the determination of the contemplated new trial of the cause, and that the defendant is not entitled to recover for the expenditure while the action is still pending. The trial court took the view advocated by the plaintiff.

1. The rule is well established by this court that the expenses incurred by a party in procuring a transcript of the evidence in the Circuit Court must be taxed in that court, and will not be included in the cost bill in this court: *Allen* v. *Standard Box & Lumber Co.,* 55 Or. 10, 18 (96 Pac. 1109, 97 Pac. 555, 98 Pac. 509); *Sommer* v. *Compton,* 53 Or. 341 (100 Pac. 289); *McGee* v. *Beckley,* 54 Or. 250 (102 Pac. 303, 103 Pac. 61); *West* v. *McDonald,* 64 Or. 203, 209 (127 Pac. 784, 128 Pac. 818); *Shepherd* v. *Inman, Poulsen Lumber Co.,* 85 Or. 639 (167 Pac. 785).

2. Section 931, L. O. L., provides, in part, that the fees of the official reporter for making a transcript of his shorthand notes of the testimony in civil cases "shall be paid forthwith by the parties or party for whose benefit the same is ordered, and when paid shall be taxed as other costs in the case." Costs are certain sums of money granted by law to the prevailing party by way of indemnity for maintaining an action or for vindicating a defense: Section 561, L. O. L.; *Sommer* v. *Compton,* 53 Or. 341 (100 Pac. 289). Costs are an incident of the judgment: *Stewart* v. *Corbus,* 15 Or. 68 (13 Pac. 647); *Lemler* v. *Bord,* 80 Or. 224, 231 (156 Pac. 427, 1034). They comprise, *inter alia,* such an expenditure as the necessary expenses of copying records: *Rader* v. *Barr,* 37 Or. 453 (61 Pac. 1027, 1127).

By Section 562, L. O. L., "costs are allowed, of course, to the plaintiff upon a judgment in his favor

in the following cases." The cases in which costs are allowed plaintiff are enumerated in that section. The present case is in the class specified. Section 564, L. O. L., enacts, as far as material here, that "costs are allowed of course to the defendant in the actions mentioned in Section 562, unless the plaintiff be entitled to costs therein; * * " By the provisions of Section 566, L. O. L., all necessary disbursements are allowed to a party entitled to costs. Such disbursements are therein enumerated.

3. It will be seen by the language of the statute that a plaintiff is allowed costs when a judgment in his favor has been rendered. The same condition must obtain to entitle a defendant in an action to costs under Section 564. In the original case under consideration the plaintiff obtained a judgment against the defendant in the Circuit Court, which entitled him to costs and disbursements. That judgment, however, was reversed and annulled upon appeal, and the case now stands ready for a new trial and undetermined, as if no judgment had ever been rendered. According to the record, the defendant has expended the sum of $157.65 as a necessary disbursement in the Circuit Court. Whether or not it will be entitled to recover the amount of such expenditure from the plaintiff will depend upon the condition that the defendant is successful in obtaining a judgment in its favor against the plaintiff, so that the plaintiff will not be entitled to costs in the action. In an action at law in the Circuit Court the disbursements follow the judgment, and a defendant is not entitled to costs unless it is determined and adjudged that the plaintiff is not entitled to judgment in his favor, so as to entitle him to costs and disbursements, or unless defendant prevails. The

matter is governed by our statute, to which we have referred.

The defendant prevailed upon its appeal to this court and obtained a judgment of reversal, which entitled it to costs in this court. The expenditure for the transcript of the testimony is no part of such costs. The outlay for transcribing the testimony is not an incident to that judgment. The item of disbursement claimed is in exactly the same condition as defendant's other disbursements, if any, upon the first trial, such as witness fees. It is true that the expense was incurred while the case might be said to be *"in transitu."* It is by statute directed to "be taxed as other costs in the case." It is practically the same as if a part of the official reporter's *per diem* compensation had been paid by defendant. If the shorthand notes in the case had been transcribed before judgment, the expense thereof would have been governed by the same rule of law. We make no reference to costs or disbursements in a suit in equity.

We therefore conclude that the determination of the trial court, as the case stood at the time of the order appealed from, was correct. The judgment is therefore affirmed. Affirmed. Rehearing Denied.