LUDWIG SEMLER *v.* THE COMMISSIONERS OF EMIGRATION.

S., an emigrant, arriving in New York, was, under the rules of the Commissioners of Emigration, placed on board a barge with his baggage, for the purpose of being landed. The barge belonged to and was in the custody of certain railroad companies, who had ticket offices in Castle Garden, the premises of the Commissioners

of Emigration. Upon landing, the baggage was transferred to the wharf by the employees of the railroad companies, in whose charge it was left for the purpose of being weighed and marked, while S. was required to enter Castle Garden in order to have his name registered, pursuant to the rules of the commissioners. During S.'s absence for this purpose, his baggage was lost.

*Held,* that the Commissioners of Emigration were not liable therefor. The baggage was not in their charge, nor in the charge of any one in their employ. The remedy of S, if any, was against the persons in charge of the baggage, or their employers, the railroad companies.

APPEAL by defendant from a judgment of the Marine Court. This was an action to recover damages for lost baggage, belonging to Martin and Lucas Schmidt, the plaintiff's assignors, who were emigrants, and whose baggage was lost at Castle Garden under the following circumstances:

The Commissioners of Emigration allow certain railroad companies, running out of New York city, to keep ticket offices in Castle Garden. These companies provide a barge, by means of which all emigrants are landed on their arrival. Their luggage is taken by the barge at the same time, and placed upon the dock. The emigrants are required first to enter Castle Garden and have their names registered; they are then permitted to go to the dock and select their baggage, which is left there in charge of a weighmaster employed by the railroad companies. By him it is marked with the address of its intended destination, or, if the emigrant desires to remain in the city, it is given to him.

Martin and Lucas Schmidt arrived in this city the 3d of September, 1856, in the St. Nicholas, were taken, in company with the other emigrants, and with their baggage, on board the barge, and were by it landed at Castle Garden. When last they saw their baggage it was upon the barge. Upon going to the dock to get it, and have it properly marked, it was nowhere to be found. This action was brought against the Commissioners of Emigration to recover its value. Judgment was rendered for the plaintiffs, and the defendants appealed.

*John E. Devlin,* for the appellants.

*Robert Johnston*, for the respondent.

INGRAHAM, FIRST JUDGE.—The evidence shows that the barge, on which the baggage was lost, was in the employ of Burns, and was provided by the railroad companies, and not by the defendants. Those companies, from motives of interest on their part, have adopted, with the consent of the defendants, this mode of effecting the landing of emigrants. On delivery to the emigrant, at the ship, on board of the barge, of his luggage, the ship-owners are discharged. If any loss occurs before reaching Castle Garden, the persons liable would not be the defendants, but the person in charge of the barge and his employers. Through-out this case the fact is undisputed, that the defendants do not em-employ the person in charge, or provide the barge. That is done by the railroad companies. From the ship, therefore, to the place of landing, it could not be pretended that the defendants are responsible. The baggage is not in their charge, nor in the charge of any person in their employ. They may prohibit his landing at the Garden by withdrawing their consent, but that does not make them responsible for his acts, as the owners and employers are.

Is anything done after landing that transfers to the defendants the custody of the property of the emigrants? From the testimony, I think there is no evidence of any such transfer of the possession. They require the emigrant to enter the building, to comply with the requisites of the statutes, in being registered, &c. They prohibit him from bringing upon their premises, or within their control, the very baggage which they are charged as having in their custody. They compel him to leave his baggage on board of the barge, which does not belong to them, and where the same liability continues which existed on receiving the baggage from the ship; and after complying with the provisions of the law in regard to the emigrant, they permit him again to return to the barge, there to take possession of his baggage from the barge, where it originally was placed.

I can find in this proceeding nothing which will warrant the

finding that at any time the baggage was in the custody of the defendants, or of persons in their employ.

No matter how harsh it may appear, to compel the emigrant to leave his baggage on board of the barge, still such acts are not sufficient to charge the defendants as bailees when the custody of the property is elsewhere.

My conclusion is, that the defendants cannot be held responsible as bailees, but that the remedy for any loss is against the person in charge of the property, or of his employer, and that the judgment must be reversed.

Judgment reversed.