[Filed April 13, 1887.]

## WILLIAM J. STEWART, ADMINISTRATOR, APPELLANT, *v.* J. C. CORBUS AND LAURA CORBUS, RESPONDENTS.

COSTS—UPON JUDGMENT BY STIPULATION.—Costs are an incident of the judgment, and where parties stipulate that a plaintiff may take judgment against the defendent, plaintiff will be entitled to costs.

APPEAL from Benton County. Reversed.

Facts are stated in the opinion.

*Weatherford & Blackburn,* for Appellant.

The general rule of the law is that the party in the wrong must pay the costs. (5 Wend. 507.)

Costs are a mere incident to the judgment, and it is not necessary or proper to stipulate in regard to costs. (*McDonald* v.

*Evans,* 3 Or. 475; *Wing* v. *N. Y. & Erie R. R. Co.* 1 Hilt. 235; *Roberts* v. *Carland,* 1 Or. 332.)

*J. R. Bryson,* for Respondents.

1. The stipulation fixed the amount of the judgment, and the court has no power to vary the terms of their judgment. There is no "prevailing party" in a case where a judgment is had by stipulation.

2. The proceeding was a joint one, and the plaintiff had no right to a judgment against one of two joint defendants. The plaintiff took a judgment against defendant J. C. Corbus, and this precludes him from taking a judgment against respondents. (Code, p. 223, § 540; *Ah Lep* v. *Gong Choy,* 13 Or. 214.)

3. If any error was committed it was in not rendering judgment in the original action, and the appeal should be taken from that judgment.

LORD, C. J.—The only question in this case arises on a stipulation of the parties. The stipulation was as follows:—

"It is hereby agreed and stipulated that the plaintiff may take judgment against the defendant Laura Corbus, for the sum of one hundred dollars, and the clerk is hereby authorized to enter judgment for said amount, and that execution not to issue until the first day of October, 1886.

(Signed,)               "J. K. WEATHERFORD,
                              "Attorney for Plaintiff.
                        "J. R. BRYSON,
          "Attorney for Defendant Laura Corbus."

Thereafter the plaintiff filed a motion for judgment for costs and disbursements of the action against the defendant Laura, which the court overruled, and the plaintiff appeals, assigning this ruling and order as error. The evident object of the stipulation was to limit the amount of the judgment to the sum named, and fix the time within which it might be paid before resort could be had to the process of the court to enforce it. There is nothing said of costs, and for this reason it is argued that costs were excluded. We think the rule is otherwise; costs are an

allowance to a party for the expenses incurred in prosecuting or defending a suit, and are an incident of the judgment. The stipulation provided, "that the plaintiff may take judgment," etc., and the judgment entered in pursuance of it carried the costs as an incident, unless expressly stipulated. In *Wing* v. *N. Y. & E. R. R. Co.* 1 Hilt. 244, it is held that when a judgment is entered for the plaintiff for an amount fixed by stipulation between the parties, the plaintiff is entitled to costs in addition thereto, although they are not mentioned in the stipulation. The court says: "Costs followed as a matter of course upon the plaintiff's recovery, and if the defendants wished to protect themselves against the payment of them they should have inserted it in the stipulation." Something was said at the argument about the apportionment of the costs between the parties; but this is a matter with which we have nothing to do on this appeal. To whatever extent the defendant in the stipulation was liable, as a consequence of the judgment in the action, the plaintiff was entitled to have taxed and recover. The judgment must be reversed.