Argued March 6, decided March 18, 1913.

TAYLOR INV. CO. *v.* DEATSMAN.

(130 Pac. 740.)

Judgment—Costs as Sole Relief.

1. Costs are a mere consequence of a decree granting other relief, and cannot alone furnish the basis of a substantive judg-

ment, so that a decree for costs against a defendant was void where no other judgment was rendered against it.

**Execution—Conveyance by Sheriff—Setting Aside—Fraud.**
2.   Under Section 215, subd. 1, under L. O. L., requiring the sheriff to first resort to the judgment debtor's personalty in levying execution, the sale of the debtor's realty, made pursuant to an understanding between the sheriff and the creditor, who was the purchaser, to ignore sufficient personalty owned by the debtor, was a fraud justifying setting aside the sheriff's deed.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

This is a suit by the Taylor Investment Company against Wallace G. Deatsman and Carrie B. Deatsman to declare void a decree alleged to have been heretofore rendered against plaintiff, and to annul a sheriff's deed made in pursuance of such decree.   The complaint alleges, in substance, that at the date of such pretended decree the plaintiff was the owner of certain lots in Firland, Multnomah County, Oregon, which lots were of the value of $3,000, or about $800 each; that on September 22, 1909, the defendant Wallace G. Deatsman began a suit against the plaintiff in the present suit, joining with it the Firland Company, a corporation, and the Pacific States Telephone & Telegraph Company, a copy of the complaint in which suit is annexed to the complaint in this suit, from which it appeared that the town of Firland is in what is known as a restricted district, that is, all lots were conveyed with the restriction that they should be used for residence purposes only; that Deatsman was a purchaser of lots in that district; that the Taylor Investment Company was also the owner of other lots therein purchased, subject to the restrictions above noted; that the Taylor Investment Company had leased its lots to the telephone company for purposes of a poleyard; and that said company was actually using them for the purpose of depositing and sharpening tele-

Sig. 13

phone poles thereon, in violation of the restrictions in the deeds to Deatsman and other purchasers, whereby the property so occupied was rendered unsightly and noisy, and the value of Deatsman's property impaired, and his lots rendered less desirable. The complaint concluded with a prayer for a decree enjoining the telephone company from using the said lots in violation of the terms and conditions of the deed by which the lots were conveyed, requiring the Firland Company to protect Deatsman from such violation, and revoking and canceling the contract between the Taylor Investment Company and the telephone company, and for a permanent injunction against the defendants, and for equitable relief and costs.

The complaint in the case at bar alleges: That a summons was served upon the Taylor Investment Company on September 22, 1909, and that this plaintiff immediately entered into negotiations with the telephone company looking to an adjustment of matters contained in the complaint filed by Deatsman, and was assured by the telephone company that it would put the matter in charge of its attorneys, and that this plaintiff need not give the suit any further attention. That thereafter the telephone company, in response to inquiries by plaintiff, assured plaintiff that the matter in suit had been adjusted, and that Deatsman would pay his own costs. That relying upon such assurance, and supposing the matter settled, plaintiff gave no further attention thereto, when, as a matter of fact, the telephone company agreed to remove its poles if Deatsman would not take judgment against it for costs. That on October 12, 1909, the Deatsman who was plaintiff in the suit first referred to took a default and decree, which reads as follows:

"Wallace G. Deatsman,        *Plaintiff,*
    *v.*
"Taylor Investment Co., Pacific States·        } B. 5847.
    Telephone and Telegraph Co., and
    Firland Co.,        *Defendants.*

"Complaint having been filed herein on the 22d day of September, 1909, and a copy of said complaint and summons having been served on the defendant Taylor Investment Company on the——day of September, 1909, in Multnomah County, Oregon, and summons having been served on the defendant Pacific States Telephone & Telegraph Company on the——day of September, 1909, in Multnomah County, Oregon, and it appearing that neither of said defendants has answered or otherwise pleaded to said complaint, and that the time for so doing has not been extended:  Now, therefore, on motion of M. B. Meacham, attorney for plaintiff, said defendants are hereby declared to be in·default, and it is therefore ordered, considered, adjudged, and decreed that plaintiff's complaint be taken as confessed by said defendants, and the defendant Pacific States Telephone & Telegraph Company is hereby ordered to desist and refrain from storing and keeping telephone or telegraph poles on lots 7, 8, and 9, block 8, Firland, Multnomah County, Oregon, and from using said premises as a poleyard for the purpose of cutting, trimming, sizing, shaping, and preparing such poles for use, and the injunction heretofore made herein be and hereby is made perpetual.  And it is further ordered and decreed that plaintiff have and recover from the defendant Taylor Investment Company his costs and disbursements herein, taxed and allowed at $12.15."

That on October 27, 1909, by authority of said decree, Deatsman caused an execution to issue for costs, and later the same was levied by the sheriff upon the lots in controversy, and the same were sold and bid in by Deatsman for the sum of $39.60.  That in regular course, the statutory period for redemption having expired, a sheriff's deed issued to Deatsman for the property.  That plaintiff had ample personal property out of which the execution could have been satisfied, but that the attorney

for the plaintiff in such execution requested the sheriff
to immediately levy upon the real property without
making search for personal property, and that the sheriff
complied with such request. That plaintiff in this suit,
before commencing the same, tendered to defendants the
$39.60 paid by him for the property, and demanded that
he reconvey the same. The complaint is very volumin-
ous, but the foregoing is all that is material to the
decision of this case.

The defendants demurred generally to the complaint,
and, said demurrer being overruled, refused to plead
further. Whereupon a decree was rendered in favor of
plaintiff, and defendants appeal.        AFFIRMED.

For appellants there was a brief and an oral argument
by *Mr. Marion B. Meachem.*

For respondent there was a brief and an oral argu-
ment by *Mr. George F. Martin.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. The decree for costs against the Taylor Invest-
ment Company in the original case was void. Costs are
a mere incident or consequence which follow a decree
for some other relief, and cannot alone furnish the basis
of a substantive judgment. Freeman, Judgments (3
ed.) § 16; *Stewart* v. *Corbus,* 15 Or. 68 (13 Pac. 647) ;
*Warren* v. *Shuman,* 5 Tex. 441, 450. The default of the
defendant being entered, the cause was then ripe for a
final decree thereon; but no relief was given Deatsman
as to the Taylor Investment Company, and no adjudica-
tion as to the respective rights of that company and
Deatsman was ever made. That company is not enjoined
from making any use of the property it may see fit. Its
contract with the telephone company is not declared
illegal or canceled, and, except for the purpose of getting
costs out of it, and exempting the telephone company

therefrom, it is difficult to see any reason why it should have been joined in the suit in the first instance.

2. By the demurrer it is conceded to be a fact that Deatsman, who was the execution plaintiff and purchaser of .the property, instructed the sheriff not to search for personal property out of which to satisfy the execution, but to levy upon the realty in the first instance, and that the sheriff complied with this suggestion, and levied upon and sold the real property in question in spite of the fact that the Taylor Investment Company had ample personal property out of which the execution might have been satisfied. Subdivision 1 of Section 215, L. O. L., requires the sheriff to resort first to the personal property of the judgment debtor; and for the plaintiff and purchaser at the execution sale to induce him to ignore this requirement and sell real property is a fraud which would in itself justify a court of equity in setting aside a sheriff's deed made pursuant to such a sale.

The decree of the circuit court is affirmed.

AFFIRMED.