## CORBITT & MACLEAY, RESPONDENTS, v. THE SALEM GASLIGHT CO., APPELLANTS.

VOID PROMISE.—A promise made by one party without a corresponding obligation or promise made by the other party is void.

STATUTE OF FRAUDS—VOID CONTRACT. — An agreement for the sale of personal property at a price not less than fifty dollars is void, under our statute of frauds, unless the same or some note or memorandum thereof expressing a consideration be in writing and subscribed by the party to be charged.

APPEAL from Multnomah County.

Respondents brought this action in the circuit court, for damages accruing by reason of appellants' failure to take and pay for certain coals, under a contract which is as follows:

"Portland, Oregon, December 16, 1875.   This is to certify that the Salem Gaslight Company will purchase from Corbitt & Macleay, on arrival of ship from Sydney, Australia, due during the month of March, 1876, one hundred and fifty tons New Castle coal, delivered at Salem, at fourteen dollars per ton of two thousand two hundred and forty pounds.  Payment, cash on delivery.   (Signed) Salem Gaslight Co., per Miles M. Miller, Sec'y."

This contract is set out in the complaint, with an allegation that plaintiffs agreed to sell and deliver the coals, and with other proper allegations, to entitle them to recover the amount claimed.   Appellants demurred because the contract is not in writing, and does not come within section 775 of the Civil Code, and because, if it is in writing, the consideration is not expressed.   The demurrer was overruled, an answer filed, and a trial had before the court, which resulted in a judgment for the respondents.

*R. Mallory and J. A. Stratton,* for appellants:

This is no agreement in law, for two reasons:  1. There is no mutuality of agreement or of obligation; 2. The alleged contract is within the statute of frauds, and it contains no statement of a consideration moving from the

plaintiffs to the defendants to support the defendants' promise. One promise may be a good consideration for another, but there must be promises by both parties, and they must be mutual. (*Tucker v. Wood,* 12 John. 190; *Keep & Hale* v. *Goodrich,* Id. 397; *Burnt* v. *M. Bisco,* 4 Id. 235; *Lester* v. *Jewett,* 12 Barb. 505; 1 Parsons on Cont. 449; 2 Kent, S. P. 465; T. P. 585; 1 Caines, 584; 1 McCord, S. C. 514; 3 Parsons on Cont. 13; 1 Id. 448; 52 N. Y.)

In this case there is neither mutuality of agreement or of obligation. The certificate simply says the Gaslight Company will buy the coals, but there is not a word tending to show that the plaintiffs ever agreed or in any manner obligated themselves to sell.

Under the statutes of Oregon a contract within the statutes of frauds is void, unless it contains a statement of the consideration. (Code, sec. 775, p. 264; 2 Smith's Lead. Cas. 310; 3 John. 214.) The memorandum of a contract must contain everything necessary to the validity of the agreement. (*Waterman* v. *Meiggs,* 4 Cush. 497; *Morton et al.* v. *Dean,* 13 Met. 385.

*Catlin & Killen,* for respondents:

It is not necessary under the statute of frauds that both parties shall sign the writing. (3 Pars. on Cont. 9.) "It is enough, if from the instrument, by reasonable construction, the consideration can be collected." (*Douglas* v. *Howland,* 24 Wend. 35.) The consideration expressed in this contract is the agreement by Corbitt & Macleay to deliver the coals at Salem for fourteen dollars per ton.

It would not for a moment be claimed that if Corbitt & Macleay had signed this agreement, they could not have been held to deliver the coals at that figure. The consideration for the Gaslight Company's promise was Corbitt & Macleay's promise. Both parties need not sign the same paper. The written tender, alleged in the complaint, was a good signing by Corbitt & Macleay. (3 Pars. on Cont. 6.) It is not necessary to allege in the pleadings that the contract was in writing. (*Taylor* v. *T. Patterson & Co.,* 5 Or. 123.)

By the Court, PRIM, C. J.:

We are of the opinion that the demurrer to the complaint should have been sustained on the ground that it does not state facts sufficient to constitute a cause of action.   This action is based upon a written agreement which is set out in full in the complaint.

It is unilateral in its character, and is only signed by one of the parties.   It is a mere proposition of one party, in writing, to purchase a certain quantity of coal from the other at a certain price mentioned, without any corresponding obligation upon the other to sell said coal at said price.

But it is suggested that it is averred in the complaint that respondents agreed to sell and deliver said coal at the price and time mentioned in said contract.   This is true, but it will be noticed that the said agreement referred to in said averment, is the same agreement which is set out in full in the complaint.   That averment amounts to nothing more than if the plaintiff, after having set out the written agreement, had said in his averment that the plaintiffs thereby agreed to sell and deliver said coal at the price and time mentioned, to said defendants.

A promise made by one party is a good consideration for a promise made by the other party, but the promise must be concurrent and obligatory on both parties at the same time.   A promise made by one party, as in this case, without a corresponding obligation or promise by the other, is void.   (12 Barb. 502; 12 John. 396.)   But it is further claimed by appellant, that the alleged agreement set out in the complaint is within the statute of frauds, because there is no consideration expressed in it, as moving from the respondents to appellant to support the promises made by said appellant.

The alleged agreement is one for the sale of personal property at a price not less than fifty dollars, and there is no consideration expressed in the said writing, nor can any be inferred from anything that is expressed therein.   Our statute of frauds provides that an agreement for the sale of personal property at a price not less than fifty dollars is

void, unless the same, or some note or memorandum thereof expressing the consideration be in writing, and subscribed by the party to be charged. (Civil Code, 264, sec. 775.) Thus it will be seen that our statute expressly provides that the consideration must be expressed in writing, or the agreement is void. Many of the New York decisions hold that the consideration must be expressed in writing under a statute which does not provide that the consideration must be expressed. (3 John. 239; 4 John. 335.) Respondent having averred in his complaint that the alleged agreement was in writing, and having set it out in full, it cannot be presumed that it was in writing, as in the case of *Taylor* v. *Patterson & Co.*

It follows, from the views herein expressed, that the judgment must be reversed and remanded to the court below for further proceedings.

Judgment reversed.