[Filed October 21, 1885.]

## WM. MACKEY et al. v. JOHN A. OLSSEN.

CONTRACT OF SALE—BREACH OF—MEASURE OF DAMAGES.—In an action for breach of contract for the sale of "all the timber" on a certain tract of land "suitable for piling or railroad ties," and giving the purchaser a right of way to said timber, the measure of damages is the difference between the contract price and the market value of the timber standing at the time the cause of action arose, and it was error to allow evidence to show the cost of constructing a road to such timber.

APPEAL—REMISSION OF DAMAGES.—When the injury resulting from such error can, from the record, be segregated from the amount of the verdict, and plaintiff will remit such sum, the judgment will be affirmed for the balance; otherwise a new trial will be ordered.

BENTON COUNTY. Defendant appeals. Judgment affirmed upon plaintiffs consenting to remit the damages resulting from erroneous ruling of the trial court.

The facts are stated in the opinion.

*John Burnett*, and *John Kelsay*, for Appellant.

*R. S. Strahan*, and *J. R. Baldwin*, for Respondents.

LORD, J.—This is an action for damages based upon the breach of a written contract for the sale of standing timber, in which it is alleged, as the essential part of such contract, "that in consideration of one half cent per foot running measure, the party of the first part agrees to sell all the timber on his land near Newport that may be found suitable for piling or railroad ties, and give the right of way to said timber to the parties of the second part. And the parties of the second part agree to pay to the party of the first part one half cent per foot running measure for all timber on said land suitable for said road ties or piling, payments to be made on the delivery receipt and payment of the railroad company or other purchasers." It is further alleged that the market value of the timber is six cents per foot. In his answer the defendant denies this allegation, and alleges that the market value was not greater than the contract price, etc. Issue being joined, a trial was had which resulted in a verdict for the plaintiffs. The defendant appeals,

and assigns among other grounds of error, as appears by the bill of exceptions, that the court erred in allowing the plaintiffs to prove the costs of constructing a road to get the standing timber mentioned in the complaint, for the reason, principally, that the measure of damages applicable to the case is the difference between the contract price and the market value of the timber standing. The defendant claims that the plaintiffs have no more right to make him pay for making the road to the timber than if they had gotten all the timber for which the contract provided, and then sued him for the cost of making the road to get it. Now it will be admitted that if the contract had been fully performed and completed, the road must have been left on the land, and no charge could be made for the expenses of constructing it. By their verdict for damages plaintiffs have got the equivalent of all the timber for which the contract provided, and the road is left on the land the same as if the contract had been performed, as indicated by the issue and the instructions of the court. The difference between the contract price and the market value of the timber standing at the time the cause of action arose was the measure of damages applicable to the case. It was error, therefore, to allow evidence to show the expense of constructing this road. The amount of this expense was sixty-five dollars; and we think the admission of this evidence worked an injury to the defendant. But as we are unable by the record to segregate the amount from the verdict, we have concluded that if the plaintiffs will remit this sum of sixty-five dollars, the judgment will be affirmed for the balance; otherwise a new trial must be ordered.