Argued Sept. 12, decided Sept. 26; rehearing denied Dec. 12, 1911.

# GARDNER v. KINNEY.

[117 Pac. 971.]

APPEAL AND ERROR—VERDICT—CONCLUSIVENESS.

1. Where the evidence is conflicting, the Supreme Court is bound by the verdict, so far as it is supported by any testimony.

CONTRACTS—ACTIONS—SUFFICIENCY OF EVIDENCE.

2. In an action for compensation under a contract to do certain surveying for defendant, evidence *held* to show that plaintiff remained on the ground after the survey was made pursuant to the original contract.

ESTOPPEL—TESTIMONY AS WITNESS.

3. One who contracted with an agent personally to assist him in doing the work the agent was employed to do, and did not look to the principal for his pay, and so testified in the agent's action against the principal for compensation, was estopped to afterwards claim compensation from the principal for his services.

PRINCIPAL AND AGENT—AGENT'S AUTHORITY.

4. An agent, employed to make surveys, with authority to incur necessary expenses therein, could contract in his own name for hiring a boat in making them, and recover the amount paid therefor from the principal.

CONTRACTS—ACTIONS—ALLEGATIONS—TERMS OF CONTRACT.

5. The complaint alleged that defendant employed plaintiff to run a survey on a certain creek, the work to be completed by October 1, 1908, and to make a report, and that plaintiff was to receive a certain sum per day until the work was completed and the report tendered, and that he finished the work on September 25, 1908, on which day he was directed by defendant to remain on the ground for further instructions, and remained there until January 4, 1910, when he returned and tendered a report. *Held*, that the complaint did not allege that, by the original contract, plaintiff was to receive compensation at the contract price for the days he was delayed at the place of work after actually completing the survey.

CONTRACTS—ACTIONS—SUFFICIENCY OF EVIDENCE.

6. In an action for services in making a survey pursuant to contract, evidence *held* to show that plaintiff was to receive reasonable compensation, if any, for the time he delayed returning, at defendant's request, after completing the work, and not according to the contract price.

APPEAL AND ERROR—DISPOSITION—AFFIRMANCE IN PART—REMISSION.

7. Where the amount erroneously allowed in a contract action is certain, the Supreme Court may cause it to be remitted by plaintiff, and affirm the judgment for him as to the balance of the claim.

COSTS—ON APPEAL.

8. Defendant will be allowed costs on appeal upon affirming a judgment for plaintiff, after requiring him to remit an item erroneously allowed.

For Multnomah:  WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by C. L. Gardner against Marshall J. Kinney.

The complaint alleges that on May 4, 1908, defendant employed plaintiff to run a level and plot dam sites on Marble Creek, in British Columbia. Plaintiff was to complete this work by October 1, 1908, and then make a report, embodying the information sought, and turn it over to defendant; that plaintiff was to receive as compensation $5 per day, from May 4, 1908, until the work was completed and the report was tendered to defendant, also all his necessary expenses, with authority to employ assistants, if necessary, to carry on the work, defendant agreeing to pay plaintiff a sum equal to the expenses incurred for these purposes, and to advance him money to meet such expenses as plaintiff might require; that he continued in the employ of defendant for 129 days, or until the 25th of September, 1908, when he had finished the work; that on September 25th he was directed by defendant to remain on the ground for further instructions; that he remained until January 4, 1910, when he returned to Portland, and tendered to defendant a complete report of his labor and expenses; that under the terms of the contract he was entitled to recover from defendant $1,150 for labor; for expenses, including living expenses and money paid out for labor, $571.75, all of which defendant promised and agreed to pay, and upon which he has only paid $550, leaving due the sum of $1,171.75.

Defendant answered, pleading the general issues as to the whole complaint, except as specifically admitted, and set up the contract in the following terms:

"That on or about the 2d day of July, 1908, at Portland, Oregon, the defendant, induced by and relying upon the representations of the plaintiff that he was a competent

and skilled surveyor and civil engineer, employed the plaintiff in his said capacity of surveyor and civil engineer, to run a level from Marble Cove, on Quatsino Sound, Vancouver Island, B. C., up Marble Creek to Alice Lake, a distance of about five miles, to ascertain the fall of said stream, and establish the points thereon suitable for dams, within a reasonable time, with instructions to enter an account of his work, including his field notes of survey, and expenses daily, in a journal kept by him for that purpose, and to make profiles showing the fall of said stream and cross sections at points suitable for dams, and to forward copies of the entires in such journal together with such profiles, from time to time, and by each weekly mail, to the defendant at Portland, Oregon, and to complete said work as a competent and skillful surveyor and civil engineer should, and as soon as possible under the circumstances, and in consideration of such services, then and there promised and agreed to advance to plaintiff from time to time such sums of money as he might require to defray his necessary expenses while engaged in said work, and upon the completion thereof and receipt of a final satisfactory report to pay him for such services at the rate of five ($5.00) dollars per day for the time necessarily occupied by him in going to and completing said work and returning from and reporting the same."

There was also a counterclaim against plaintiff for the negligent manner in which he performed the work, and for failure to make his report as required by the alleged contract.

Upon the trial plaintiff testified, among other things, that the contract was made on May 4, 1908, but that there was no time set for his departure to Marble Creek, although he understood it was to be within a day or two; that defendant delayed sending him until July 1, 1908; that in a conversation with Kinney, about this delay, Kinney said, "Of course, you know I am paying demurrage on this," and objected to his going away on other employment, but finally consented to his going to Southern Oregon for two weeks; that he employed one John-

ston, at $3 per day, to assist him, and agreed personally to pay him; that the other expenses for boat hire and provisions were purchased upon his own credit, Kinney not being known there; that Johnston's bill amounted to $210, of which plaintiff has paid $36, leaving $183 still due; that he paid $284 for groceries and incidentals, and became personally liable for $68.75 for boat hire, of which he has paid $12. Johnston testified that he contracted personally with plaintiff, and did not look to Kinney for his pay. Other facts appear in the opinion.

AFFIRMED CONDITIONALLY.

For appellant there was a brief with oral arguments by *Messrs. Watson & Beekman.*

For respondent there was a brief over the names of *Messrs. Dimick & Morehead, Mr. Thomas J. Cleeton* and *Messrs. Christopherson & Matthews,* with an oral argument by *Mr. O. L. Matthews.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1-3. The testimony in the case is conflicting, and while the court might be inclined to form a vastly different conclusion from that arrived at by the jury, yet, so far as there is any testimony to sustain it, we are bound by their verdict as to matters within the issues made by the pleadings. Plaintiff's original contract, as he states it, was to go to Marble Creek and run his levels, and return and make his report. He testifies that when the leveling was done defendant directed him to remain there on the ground, and that he did so, pursuant to directions. Taking this testimony as true, as we are compelled to do after verdict, and there being no new hiring or suggestion of a different employment at lower wages, we must assume that both were acting under the assumption that the directions given were pursuant to the original contract, especially as plaintiff had not returned or made

his report. Plaintiff had authority to employ assistance, and whether he abused that authority or employed help unnecessarily was a question of fact for the jury. Johnston's testimony on this trial would estop him from claiming anything from defendant in another suit, and upon his statement of the case he would have a good cause of action against plaintiff.

"The principal cannot be held liable, where the other party, with full knowledge as to who was the principal, and with the power of choosing between him and the agent, has distinctly and unquestionably elected to treat the agent alone as the party liable." Mechem, Agency, § 696.

4. It was competent for plaintiff to contract in his own name for the hire of the boat, and not having pledged defendant's credit we see no good reason why he should not recover.

5-7. The court erred in submitting to the jury the claim for 57 days delay. It was not within the terms of the contract, as stated, nor as testified to by plaintiff. His compensation upon the contract, as he states it, was to begin when he should start to Marble Creek. If Kinney agreed to compensate him for delay, this would constitute a new and separate contract. It could not be "demurrage" in a technical sense, because that is a term applied to compensation provided in a marine contract for the detention of a vessel. Taking the word in the sense the parties probably meant, it would only mean a reasonable compensation for the delay, and the amount of such compensation would be a subject for pleading and proof, if, indeed, as stated, it could give rise to any cause of action whatever. But, as the amount erroneously allowed upon this item is certain, we can require it to be remitted, and affirm the judgment as to the balance of the claim. *Mackey* v. *Olssen,* 12 Or. 429 (8 Pac. 357) ; *Fiore* v. *Ladd,* 29 Or. 528 (46 Pac. 144) ; *Cochran* v. *Baker,* 34 Or. 555 (52 Pac. 520: 56 Pac. 641).

8. It will be ordered, therefore, that if plaintiff, shall, within 30 days, expressly remit the sum of $285 from the amount found due in the circuit court, the judgment will be affirmed as to the residue, but that failing to do this, the judgment will be reversed. As defendant has been put to the trouble and expense of an appeal, he will recover his costs in this court in any event.

AFFIRMED CONDITIONALLY.