BOROUGH DEVELOPMENT CO. v. HARMON et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1913.)

1. EVIDENCE (§ 441*)—PAROL—TO VARY WRITING.

A contract between a party having a contract with a city to remove and dispose of street sweepings by which such sweepings were to be furnished defendant for the purpose of filling in streets provided that the material to be used was ashes, earth, and street sweepings "as delivered to us by the street cleaning department." Another clause specified the quantity of material to be furnished. *Held* that, in an action for breach of the contract, proof of oral representations that the sweepings would come from a particular part of the city was inadmissible, as it would vary the terms of the written contract, the quoted portion of which specified the quality to be furnished.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

2. APPEAL AND ERROR (§ 1057*)—REVIEW—HARMLESS ERROR.

In an action on a contract to furnish street sweepings for filling in streets, evidence of oral representations that the sweepings would come from a particular part of the city was excluded. Such representations were, however, shown by testimony admitted, and there was evidence sufficient to sustain a finding that the material delivered came from a part of the city referred to in the representations. *Held*, that the exclusion of the evidence mentioned, if erroneous, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4199, 4205; Dec. Dig. § 1057.*]

3. TRIAL (§ 48*)—EVIDENCE INADMISSIBLE IN PART.

Where most of a letter manifestly offered in evidence had no probative force on any issue involved, its rejection when offered in its entirety was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 120; Dec. Dig. § 48.*]

4. DAMAGES (§ 124*)—BREACH OF CONTRACT—INCIDENTAL EXPENSES.

Where performance of a contract is wrongfully prevented, incidental expenses made in anticipation of performance may be recovered as damages, but not in addition to a recovery for prospective profits.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 326–338; Dec. Dig. § 124.*]

5. DAMAGES (§ 45*)—BREACH OF CONTRACT—PERFORMANCE INVOLVING LOSS.

A party performing a contract at a loss may recover nominal damages for its breach, and also incidental expenses necessarily made in anticipation of performance.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 92–98; Dec. Dig. § 45.*]

6. APPEAL AND ERROR (§ 221*)—REVIEW—QUESTIONS NOT RAISED BELOW.

In an action for preventing performance of a contract by which plaintiff had agreed to furnish street sweepings to fill in land for defendant, the court permitted a recovery for the cost of constructing a corduroy road necessary to the performance of the contract. *Held* that, the question whether the value of the use of this road in the performance of so much of the contract as was completed should have been deducted not having been raised below, no such deduction would be made on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1353–1368; Dec. Dig. § 221.*]

Burr, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by the Borough Development Company against William E. Harmon and another, copartners. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Dallas Flannagan, of New York City, for appellants.

Frank S. Angell, of New York City (Charles F. White, of New York City, on the brief), for respondent.

HIRSCHBERG, J. The defendants, composing a firm engaged in the business of improving and selling suburban property, owned certain farm land in the borough of Brooklyn, designated by them as "Flatbush Gardens," which they desired to sell in building lots, after opening certain streets through the property. The plaintiff, a domestic corporation, had a contract with the city of New York to remove and dispose of the street sweepings from the borough of Brooklyn. The plaintiff and defendants entered into a contract in the latter part of the year 1908, evidenced by certain letters interchanged and not by formal contract, whereby the plaintiff agreed to fill in such streets on the defendants' property as they should designate with ashes, earth, and street sweepings, as delivered to it by the street cleaning department of the city of New York, and to deliver an approximate minimum average of 300 cubic working yards of material per day, and whereby the defendants agreed to pay the plaintiff 15 cents per cubic yard for the material so delivered. Deliveries were to commence December 9, 1908, but did not commence until March of the following year, and they then were made in a less amount than specified in the correspondence. These deviations from the contract, however, were waived by the defendants, who accepted the deliveries as made.

About the 12th day of July, 1909, the defendants refused to receive any further material, whereupon this action was instituted by the plaintiff. The complaint contains two causes of action—the first a cause of action to recover the contract price for the material already delivered and unpaid for, and the second to recover damages because of the defendants' alleged breach of contract. In their answer the defendants alleged, in substance, as reasons for the refusal to accept further material, that the quality of the material furnished was not such as had been contemplated by the parties to the contract, but consisted of so much decayed animal and vegetable matter that its dumping upon their property constituted a criminal violation of certain ordinances of the city of New York. By way of counterclaim the defendants alleged that they had been put to considerable expense in completing the contract by filling in the property with suitable material obtained elsewhere.

The issues were submitted to the jury after a trial lasting several days, during which considerable conflicting evidence was adduced on either side, and the submission resulted in a verdict dismissing the counterclaim and awarding the plaintiff the contract price of the material furnished by it up to the time of the breach of the contract, together with damages for such breach. The defendants have appealed

from the judgment entered thereon, and from the order denying their motion for a new trial made upon the minutes. The judgment is not against the weight of evidence, and it must be affirmed unless some error of law necessitates a new trial.

The appellants urge the improper admission of evidence and the adoption of an erroneous measure of damages, as grounds for a reversal.

[1] During the trial the appellants' counsel offered testimony that oral representations were made to the appellants on behalf of the respondent prior to and at the time the contract was executed, to the effect that the street sweepings would come from a particular part of Brooklyn, where such sweepings were unusually clean. This testimony was excluded as tending to vary or contradict a written contract. I am inclined to think that the ruling was correct. The written offer signed by the respondent, and which was accepted by the appellants, used this language:

"The material to be used is ashes, earth and street sweepings, as delivered to us by the street cleaning department."

That clause related exclusively to the quality of the material, and specifically provided that such quality need only be of the grade furnished by the street cleaning department. The clause had no relation to quantity because the quantity to be furnished was specifically stated in another clause of the accepted offer. Bagley & Sewall Co. v. Saranac River Pulp & Paper Co., 135 N. Y. 626, 32 N. E. 132, cited by appellants, is not in point. There a guaranty was given by the vendor that certain machines would take care of all the pulp produced from "four Scott grinders." It appeared on the trial that "Scott grinders" were of different capacities, and the vendee was permitted to prove an oral representation that the particular grinders referred to in the contract were of a certain capacity. There the contract was silent on the question of capacity, and the evidence admitted was merely explanatory of that matter. In the case at bar the contract provided that the quality of the sweepings should be as delivered by the street cleaning department, and to allow oral evidence to show a different quality, or that the parties intended to limit the material to deliveries made from a particular location, would seem to vary or contradict the import of the writing.

[2] Assuming, however, that the ruling below was erroneous, no harm has been sustained by the appellants, because they succeeded in placing the nature of the alleged representations before the jury by other testimony and evidence than that excluded. Moreover, there is evidence in the record sufficient to sustain a finding that the material delivered came from that portion of the borough of Brooklyn referred to in the alleged representations.

[3] The appellants further claim that the learned trial court erred in excluding a lengthy letter written by the general manager of the respondent to the appellants after the breach of the contract. This letter, among other things, contained statements to the effect that the respondent never stated that the material would be free from rubbish; that the contract had been carefully analyzed in detail prior to its execution; that appellants had intended to cover the material with earth;

that any delay in deliveries had been acquiesced in; that respondent had disposed of the rejected material elsewhere at an increased price, and concluded with a plea for payment based on the ground that the entire transaction had been unprofitable to the respondent and the material supplied at a loss. Manifestly most of this letter was of no probative force on any issue involved, and I do not think that the court's rejection of it when offered in its entirety constituted error.

[4] The appellants contend that an improper measure of damages was adopted by the learned trial court. The respondent did not attempt to prove any loss of profits. It did prove that in order to perform the contract a corduroy road was necessarily constructed, and it recovered the reasonable expense thereof. Upon the facts in this case I do not think that such recovery was error. Expenditures necessarily made in anticipation of performing a contract may in many instances be recovered as an element of damage sustained after performance has been wrongfully prevented. Long Island C. & S. Co. v. City of New York, 204 N. Y. 73, 97 N. E. 483; United States v. Behan, 110 U. S. 338, 4 Sup. Ct. 81, 28 L. Ed. 168; Phillips, etc., Const. Co. v. Seymour, 91 U. S. 646, 23 L. Ed. 341. It may be that a recovery for both the prospective profits and the preliminary expenditures could not be sustained. See Mackey v. Olssen, 12 Or. 429, 8 Pac. 357.

[5] Assuming, however, that the contract was being conducted by the respondent at a loss, it would have been entitled to recover nominal damages at least for the breach; and I see no reason why in such instance it cannot also recover incidental expenditures necessarily made in anticipation of performance.

[6] It may be that the respondent could have been required to deduct from the cost of the road the value of its use in the performance of so much of the contract as had been completed at the time of the breach, but no such question was raised at the trial, and such an apportionment cannot be made upon appeal.

The judgment and order should be affirmed, with costs.

JENKS, P. J., and WOODWARD and RICH, JJ., concur. BURR, J., dissents upon the ground that plaintiff was not entitled to recover the costs or any portion of the costs of constructing the corduroy road.