Argued March 7, modified April 4, motion to tax costs overruled
April 25, 1916.

# LEMLER v. BORD.*

(156 Pac. 427, 1034.)

**Contracts—Baling Hay—Mutuality.**

1. Where plaintiff's contract to cut and stack hay for defendant
at an agreed price contained the concluding paragraph, "Also said
L. agrees to bale 100 tons of said hay for a further price of $2.50
per ton," was not a binding contract for such baling, but merely
an unaccepted offer by plaintiff to bale at such price, and lacking
a mutuality necessary to a valid contract.

**Contracts—Voidable Promise.**

2. The promise of one party without a corresponding obligation
or promise by the other party is voidable.

**Contracts—Unilateral Obligation—"Option."**

3. An "option" is a unilateral obligation founded upon a valu-
able consideration paid or promised by a party for the right to ex-
press a choice which, when exercised, consummates a binding agree-
ment on the part of both parties.

**Damages—Cutting Hay—Breach of Contract—Measure of Damages.**

4. Where in an action to recover the contract price for cutting
hay, defendant counterclaimed for the loss of part of the hay through
plaintiff's breach of contract in failing to stack the hay, so that it
was injured by the weather, defendant's measure of damages was
the difference between the market price of the hay in good condition
properly put up and the market price as damaged.

**Costs—On Appeal—Modification.**

5. Under Sections 562, 564, 565, L. O. L., as to costs, defendant
will be allowed costs on appeal upon modification of a judgment in
favor of plaintiff requiring the remission of $10, notwithstanding
the smallness of the amount of modification.

From Klamath: GEORGE NOLAN, Judge.

Department 2.  Statement by MR. CHIEF JUSTICE
MOORE.

This is an action by Henry C. Lemler against Rex
E. Bord to recover money. The defendant prepared
duplicate copies of an agreement which they signed

---

*As to mutuality of obligation where one party's obligation is not
definite and certain, see note in 1 L. R. A. (N. S.) 445.

REPORTER.

wherein it was stipulated that, except for the use of
certain implements to be supplied by the defendant,
the plaintiff would furnish all the necessary machinery
and a sufficient number of men and teams to cut, haul
and stack in a workmanlike manner and with due dili-
gence the hay crop upon the defendant's premises in
Klamath County, Oregon, in the season of 1914, for
which service the defendant promised to pay $2.50
per ton. The concluding paragraph of the writing
reads: ''Also said Lemler agrees to bale 100 tons of
said hay for a further price of $2.50 per ton.'' The
complaint sets forth a copy of the agreement and
avers, in effect, that pursuant to its terms the plain-
tiff commenced cutting the hay July 8, 1914, and
stacked in workmanlike manner 245 tons, for which he
was to have been paid $612.50, but on account of which
he had received only $232.75, thereby leaving due
$379.75. For a second cause of action the complaint
repeats the contract, the last clause of which only is
important, and alleges, in substance, that in conformity
therewith the plaintiff moved his hay-baler to the
defendant's stacks, secured the necessary wire for ties,
and was ready to bale 100 tons of hay at $2.50 per ton,
but the defendant refused to permit him to perform
any of the work, whereby he was damaged in the sum
of $150.

The answer admits the execution of the writing,
denies the material averments of the first and second
causes of action, and for a separate defense to the first
cause alleges generally that the plaintiff commenced
cutting the hay with insufficient machinery and in-
adequate employees, and, though the defendant re-
quested him to procure more implements and to engage
a greater number of laborers, the plaintiff refused to

comply therewith, and put up only 132 tons of the first crop, which he did not finish until July 29, 1914, thereby delaying the irrigation of the hay land and impeding the growth of further crops during that year; that on August 28, 1914, the plaintiff commenced cutting the second crop, but did not finish it until the 27th of the next month, when he stacked only 86 tons thereof, making in all 218 tons, and amounting to $545, on account of which the defendant paid him $232.75; that prior to the commencement of this action the defendant tendered him, in full settlement of his demand, $124.25, which sum having been declined was deposited with the clerk of the court for him, thereby showing a balance of $188 as being due if the work had been properly performed. Six separate counterclaims are interposed as defenses to the first cause of action by the answer, which alleged that, in consequence of the plaintiff's negligence and his failure to keep and perform his part of the agreement, the defendant sustained damages in the sum of $188, specifically setting forth the items thereof. The reply put in issue the allegations of new matter in the answer, and, the cause having been tried, the jury found for the plaintiff on the first cause of action in the sum of $27u.60, or $146.35 more than had been deposited with the clerk, and on the second cause they also found for him, assessing his damages at $10. A judgment having been rendered on the verdict, the defendant appeals.

Modified.

For appellant there was a brief and an oral argument by *Mr. W. S. Wiley.*

For respondent there was a brief submitted over the name of *Mr. W. H. A. Renner.*

Opinion by MR. CHIEF JUSTICE MOORE.

1, 2. It is contended that errors were committed in receiving, over objection and exception, any testimony tending to substantiate the second cause of action, and in denying a motion to instruct the jury to find for the defendant as to that cause. It is argued that the part of the writing hereinbefore quoted, which contains the only reference to the baling of any hay, is nothing more than the plaintiff's proposal, which offer was not accepted by the defendant, and hence the second cause of action has no foundation upon which a judgment can rest. We are compelled to accede to the legal principle thus asserted. An examination of the concluding paragraph of the writing will show the defendant did not engage the plaintiff to bale any hay, or stipulate to give any consideration, if such service were performed, and for that reason there was no mutuality which is the essential characteristic of every valid contract. Thus the promise of one party without a corresponding obligation or promise made by the other party is voidable: *Corbitt* v. *Salem Gaslight Co.*, 6 Or. 405 (25 Am. Rep. 541). In that case, however, the writing was signed only by the defendant, which engaged to purchase from the plaintiff a stated quantity of coal, and upon the delivery thereof at a designated place promised to pay a specified price per ton. This distinction is unimportant; for in *Eyser* v. *Weissgerber*, 2 Iowa, 463, a written statement consisting of a bill of prices for certain material and work was signed by both parties, but contained no undertaking by either party nor any stipulation of any character, and it was ruled that the statement did not possess the first ingredient of a contract.

In *Berry* v. *Harper*, 4 Gill & J. (Md.) 467, it was held that in an action to recover damages for the nonper-

formance of a contract the initiatory pleading should set out an agreement which was binding upon both parties. An exception to this rule might, at first thought, seem to exist. Thus in *Giles* v. *Bradley*, 2 Johns. Cas. (N. Y.) 253, it was said:

"There can be no doubt but that a contract may be so made as to be optional on one of the parties, and obligatory on the other, or obligatory at the election of one of them."

3. An "option" is a unilateral obligation founded upon a valuable consideration paid or promised by a party for the right to express a choice which, when exercised, consummates a binding agreement on the part of both parties. In the case at bar, as the defendant never stipulated to engage the plaintiff to bale any hay or promised to pay him therefor, there was no meeting of their minds upon this matter, and, this being so, an error was committed as alleged.

4. An exception having been reserved, it is maintained that an error was committed in refusing to charge the jury as requested by defendant's counsel; to wit:

"You are instructed that, if you find from a preponderance of the evidence that plaintiff failed and neglected to properly rake up certain portions of the second crop of hay, and that by reason of such neglect said hay became damaged, the defendant Bord would be entitled to recover from the plaintiff Lemler the difference between the market price of hay in good condition properly put up and the market price of said hay so damaged."

The court in its general charge instructed the jury as follows:

"Now, the defendant sets up several counterclaims here which is for you to determine the validity of; that is, you are to determine under the evidence in the case

of the truth of the allegations of the complaint and determine the amount that is due on the several counterclaims."

Further in the charge the court, referring respectively to the defendant and to the plaintiff, said:

"The third counterclaim, he claims he failed to rake the hay, that is, the second cutting; that he failed and neglected the second cutting of hay in his field, consisting of 46 tons, for a period of two weeks, during all of which time the hay lay unraked, subject to and exposed to rainfall; that two thirds was piled in one heap, and the remaining one third was never shocked at all, but raked from the field, and that through the gross carelessness of the plaintiff and his servants in leaving 46 tons unraked for two weeks it became so badly damaged that most of the leaves dropped off the stems when raked, to the damage of the defendant. The burden of proving these allegations is on the defense. It will be necessary for you to find that the damage was sustained, if any, by reason of this action."

From an examination of the language last quoted it will be seen that the court did not prescribe any rule or guide whereby the jury might determine the method of ascertaining the measure of damages. The difference between "the market price of hay in good condition properly put up and the market price of said hay so damaged," as stated in the requested instruction, constituted the extent of the injury which the defendant sustained, if any, by reason of the alleged failure of the plaintiff faithfully to perform the terms of the agreement. In denying the requested instruction an error was committed.

There are attached to the bill of exceptions a transcript of the entire testimony which was received and a copy of all the instructions that were given or refused, and of all other material matters occurring at the trial.

A careful examination of the papers adverted to convinces us that in modifying the judgment by remitting the sum of $10, which was awarded to the plaintiff as damages on the second cause of action, the verdict ought otherwise to be sustained.

The defendant as a witness testified that by reason of the plaintiff's neglect for two weeks to rake 46 tons of the second crop of alfalfa, during which time the hay remained on the ground and exposed to several rainfalls, so that when raked most of the leaves fell from the stems, thereby leaving stalks only to be stacked, the defendant sustained damages to the extent of $2 a ton. As the jury reduced the amount of the plaintiff's demand $109.15, it will be assumed they duly considered all the damages the defendant sustained.

Notwithstanding the commission of the errors complained of, the judgment as modified should be affirmed, and it is so ordered.

MODIFIED AND AFFIRMED.

MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

MR. JUSTICE BENSON took no part in the consideration of this cause.

---

Motion overruled April 25, 1916.

ON MOTION TO TAX COSTS.

(156 Pac. 1034.)

On motion to tax costs. Costs taxed in favor of defendant-appellant.

*Mr. W. S. Wiley,* for the motion.

*Mr. W. H. A. Renner, contra.*

In Banc.   MR. JUSTICE BURNETT delivered the opinion of the court.

5. On an appeal by the defendant, the judgment of the Circuit Court in favor of the plaintiff was modified by requiring the remission of $10, the amount allowed by the jury on the plaintiff's second cause of action; Mr. Chief Justice MOORE writing the opinion.   Both parties filed cost bills.   Each claims costs and the expense of briefs and filing fee.   The defendant asks for a trial fee and for printing an abstract of record in addition to the items charged on behalf of the plaintiff. The latter objects to his opponent's cost bill substantially on the ground that it would be inequitable to allow costs for so slight a modification of the judgment, and finally that the defendant "is not entitled to costs as a matter of law, the Supreme Court under the constitutional provision of the State of Oregon having entered judgment in the above-entitled action for a sum that it deemed should have been entered in the lower court."

It is said in Section 2 of Article VII of the Constitution:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law."

It is true that it is stated in the next section that, if upon the record there described "the Supreme Court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court." It must be remembered, however, that it is a judgment and not a decree which is to be entered under that

clause. The incidents of the former will therefore follow, and the question must be settled on the basis of a judgment as distinguished from a decree. Recalling, as we should, that the system is not changed, except as expressly stated in the Constitution, we must therefore have recourse to the statute for the solution of the issue. It is well settled that in actions at law costs must be allowed to one party or the other; for it is said in Section 564, L. O. L., that "costs are allowed of course to the defendant in the actions mentioned in Section 562, unless the plaintiff be entitled to costs therein." Wherever they are allowed at law, they follow as a matter of course one way or the other. It is taught in Section 565, L. O. L., that costs in the Supreme Court on an appeal are allowed to the prevailing party. The issue in this court depends upon whether or not there was error in the judgment of the Circuit Court. The defendant-appellant here affirmed the proposition, while the plaintiff-respondent took the negative. The result of the decision here was that the defendant prevailed, having succeeded in establishing the existence of error. To accomplish this he was obliged to appeal and, having maintained his contention, is entitled to costs and disbursements. This is the ruling in *Gardner* v. *Kinney*, 60 Or. 292 (117 Pac. 971), a substantially parallel case.

The objections to the defendant's cost bill must be overruled, and the costs taxed in his favor according to his cost bill.

MR. JUSTICE BENSON took no part in the consideration of this cause.

MR. JUSTICE EAKIN absent.