# SHEPHERD v. INMAN, POULSEN LUM. CO.

### (167 Pac. 758.)

**Costs—On Appeal—Expense of Transcript—Taxation.**

1. Expense of a stenographic transcript of testimony used on appeal must be claimed and taxed in the Circuit Court, and cannot be taxed as a disbursement in the Supreme Court.

**Costs—On Appeal—Expense of Transcript.**

2. Plaintiff filed a supplementary cost bill for a stenographic transcript of testimony for use on appeal after the time allowed by Section 569, L. O. L., providing that no disbursements shall be allowed a party unless he served upon the adverse party and filed with the clerk an itemized statement of his disbursements "within five days after the rendition of the judgment," but providing that such statement may be filed with the clerk at any time after said five days, but not later than the first day of the next regular term after the expiration of the said five days, and that such statement shall be entered by the clerk "as a part of the judgment" in favor of the party entitled to costs. Section 931, L. O. L., provides that when shorthand notes shall have been taken in any case, if the court or either party requests a transcript, the expense thereof shall be paid forthwith by the party ordering the transcript, "and when paid shall be taxed as other costs in the case." *Held*, that the expense of such transcript may or may not be taxable, depending upon whether the judgment is reversed or affirmed, but in no event can become a part of the original judgment, and the bill was filed prematurely, the time within which the supplementary cost bill can be filed commencing to run from the date of the entry of judgment on the mandate, and that, if judgment is affirmed, the item cannot be taxed as a disbursement, or become part of the original judgment, but, if reversed, the item is taxable as a part of the new judgment rendered on the mandate.

From Multnomah: George N. Davis, Judge.

Department 1.   Statement by Mr. Justice Harris.

After a trial consuming five days, George S. Shepherd obtained a verdict and a judgment on September 25, 1915, for $5,500 against Inman, Poulsen Lumber Company, a corporation.   On October 5, 1915, Shepherd filed a cost bill for the costs and disbursements incurred by him in the trial of the action, including fees paid to the clerk and sheriff, attorney's fees,

witness fees, and the expense of preparing certain exhibits.

An official court reporter took shorthand notes of the evidence; and upon entry of the judgment plaintiff "requested a transcript of the notes into longhand." The court reporter made and certified to a typewritten transcript of the evidence "and other proceedings in the action," but he did not deliver the transcript to Shepherd until February 5, 1916. Immediately upon delivery of the transcript Shepherd filed it with the clerk of the court for the use of the court and the parties to the action. On February 7, 1916, Shepherd prepared and served and filed in the Circuit Court a "supplementary cost bill" claiming that he was entitled to have taxed as a part of his disbursements $195.00 "for extending court reporter's notes" and 15 cents "clerk's fees filing same." The Inman, Poulsen Lumber Company objected to the supplementary cost bill on the ground that it had not been filed "within five (5) days after the rendition of the judgment herein, nor on or before the 1st day of the next regular term of the court occurring after the expiration of the said five (5) days." The Circuit Court overruled the objections to the supplementary cost bill and "ordered and adjudged that plaintiff have and recover of defendant in addition to the previous judgment herein the sum of $195.15 and that execution issue therefor"; and the defendant then appealed from the judgment allowing the disbursements claimed in the supplementary cost bill.                    Reversed.

For appellant there was a brief over the names of *Mr. Fred L. Everson* and *Messrs. Cake & Cake,* with an oral argument by *Mr. Everson.*

For respondent there was a brief over the name of *Mr. William Wallace McCredie,* with oral arguments by *Mr. McCredie* and *Mr. George S. Shepherd.*

MR. JUSTICE HARRIS delivered the opinion of the court.

The only questions for decision arise out of the objections to the supplementary cost bill which was filed on February 7, 1916, as there are no objections to the cost bill filed by the plaintiff on October 5, 1915. The defendant contends that the supplementary cost bill cannot be allowed because it was not filed within the time fixed by Section 569, L. O. L. The plaintiff argues that Section 569, L. O. L., is not applicable for the reason that Section 931, L. O. L., governs and because it was impossible to know the amount of the disbursement until after the time limit prescribed by Section 569, L. O. L.

Section 569, L. O. L., provides that no disbursements shall be allowed to a party unless he shall serve upon such adverse parties as are entitled to notice by law and file with the clerk of the court "within five days after the rendition of the judgment" an itemized statement of his disbursements; but

"such statement of disbursements may be filed with the clerk at any time after said five days, but not later than the first day of the next regular term of the court occurring after the expiration of said five days. * * The statement of disbursements thus filed and costs shall be entered as of course by the clerk as a part of the judgment or decree in favor of the party entitled to costs and disbursements"

unless the adverse party objects, and in that case the court passes upon the objection to the cost bill. The terms of court in Multnomah County are fixed by Sec-

85 Or.—41

tion 2806, L. O. L., where it is provided that a term of court shall be held

" * * the first Monday in September, the first Monday in October, the first Monday in November, and the first Monday in December."

Section 931, L. O. L., so far as it is material here reads thus:

"When shorthand notes have been taken in any case as in this act provided, if the court or either party to the suit or action or his attorney requests a transcript of the notes into longhand, the official reporter shall cause full and accurate typewritten transcripts to be made of the testimony or other proceedings, which shall, when certified to as hereinafter provided, be filed with the clerk of the court where such cause was tried for the use of court or parties. The fees of the official reporter for making such transcripts shall be fifteen cents per folio of one hundred words, and shall be paid forthwith by the parties or party for whose benefit the same is ordered, and when paid shall be taxed as other costs in the case. * * "

If the expense of extending the shorthand notes of the reporter must be entered "as a part of the judgment" which was rendered in the Circuit Court on September 25, 1915, and if such entry must be made after such judgment but within the time prescribed by Section 569, L. O. L., then the supplementary cost bill was filed too late for allowance: *Basim* v. *Wade,* 47 Or. 524, 526 (84 Pac. 387). If, however, the disbursement is not taxable "as a part of the judgment" which was rendered on September 25, 1915, but is to be taxed as a part of a judgment yet to be rendered then the supplementary cost bill was not filed too late, but it was filed prematurely.

1. It must be remembered that the transcript of the evidence was not used during the trial in the Circuit

Court; it was made and used after the trial and for the purpose of an appeal to the supreme court; it was not employed to procure the judgment rendered in the Circuit Court, but it is being used to attack that judgment. Numerous precedents have established the rule that the item claimed by Shepherd cannot be taxed as a disbursement in this court, but it must be claimed and taxed in the Circuit Court: *Delovage* v. *Old Oregon Creamery Co.,* 76 Or. 430, 438 (147 Pac. 392, 149 Pac. 317); and, hence, the only question for decision is whether the supplementary cost bill was filed at and within the proper time. In *West* v. *McDonald,* 64 Or. 203 (127 Pac. 784, 128 Pac. 818), the defendant appealed from a judgment obtained by the plaintiff and the judgment was reversed by the appellate court. The defendant filed a cost bill which included an item of $60 paid to the reporter for extending the shorthand notes. The plaintiff objected to this item of the cost bill and this court held that upon a reversal of the judgment and a return of the mandate to the Circuit Court the appellant could file in the Circuit Court a cost bill including an item for the expense of transcribing the evidence. It is true that in the instant case Shepherd is the only party who was entitled to file a cost bill for the expenses incurred in the trial in the Circuit Court because he was the prevailing party there, and yet there is an analogy between the facts in *West* v. *McDonald,* 64 Or. 203 (127 Pac. 784, 128 Pac. 818), and the situation here. This is an action at law and the expense of extending the shorthand notes may or may not be taxable, depending upon whether the judgment is reversed or affirmed: *Lemler* v. *Bord,* 80 Or. 224, 231 (156 Pac. 427, 1034); but in no event can this item become a part of the judgment of September 25, 1915. If the judgment is affirmed the item claimed

by Shepherd cannot be taxed as a disbursement and hence cannot enter into and become a part of the judgment rendered in the Circuit Court. If the judgment is reversed the item is taxable but it cannot enter into or become a part of the judgment of September 25, 1915, because that judgment is set aside and gives way to a new judgment which is entered on a mandate from this court.

2. The time within which the supplementary cost bill can be filed commences to run from the date of the entry of a judgment on the mandate. The supplementary cost bill was filed prematurely and the Circuit Court erred in allowing the item. If the judgment of September 25, 1915, is reversed then Shepherd can file a cost bill for the expense of extending the shorthand notes; provided, he files a cost bill after the entry of a judgment on the mandate and within the time permitted by Section 569, L. O. L.

The rule announced and applied here is fair to litigants, is consistent with previous adjudications and harmonizes Sections 569 and 931, L. O. L., so as to give force and effect to each. The instant case affords an apt illustration of the harsh results which might follow from any other construction of the statutes relating to costs and disbursements. Shepherd had sixty days from the entry of the judgment within which to appeal: Laws 1913, c. 319. He served a notice of appeal on November 20, and filed it November 22, 1915. He appealed within the time allowed by law. The expense of transcribing the testimony was incurred for the sole purpose of aiding an appeal and the disbursement can be claimed only because it is in aid of an appeal. Shepherd could not have filed a cost bill for this item before giving notice of an appeal. To apply the doctrine contended for by the defendant would be

equivalent to saying to Shepherd: If you wished to preserve your right to be reimbursed for the expense of transcribing the evidence you should have appealed and filed your supplementary cost bill not later than the first Monday in November, 1915, although to have done so would have shortened the time allowed to you by law for appealing; or if you preferred to deliberate the full sixty days allowed for appealing before making up your mind to appeal you did so at the risk of losing your right to be reimbursed for the expense of extending the shorthand notes. On the other hand the rule applied by us does not compel a litigant to shorten the time for appeal and thus abridge the statutory right of appeal in order to save the statutory right to disbursements or to choose the alternative of entirely losing the latter right in order completely to preserve the former right. The judgment on the supplementary cost bill is reversed; but, if Shepherd prevails on the appeal from the judgment of September 25, 1915, he will be entitled to file a cost bill after the entry of a judgment on our mandate.                         REVERSED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BENSON and MR. JUSTICE BURNETT concur.