SHAW, Acting P. J.
The evidence clearly shows that the defendant was campaign manager for Jack Bean, a candidate at the general election of 1928 for the office of supervisor of Los Angeles County, and in that capacity ordered from plaintiff printing to be used and which was used in the Jack Bean campaign. Plaintiff was fully informed as to this situation and the intended use of the printing. Plaintiff furnished on this order printing for which the total bill was. $1653.37, of which $1,000 remains unpaid. All of these facts appear without conflict.
By the provisions of section 3 of the Purity of Elections Law (Stats. 1907, p. 671) “no sum shall be paid and no expense shall be incurred, directly or indirectly, by or on behalf of a candidate, whether before, during, or after an election, on account of or in respect of the conduct and management of an election at which he is a candidate, in excess of the maximum amount following, that is to say: if the term of the office for which the person is a candidate be . . . for more than three years, and not more than four years, twenty per centum of the amount of one year’s salary of the office’’’. The salary of the office of supervisor is $5,000 per year and the term is four years. The allowable expenditure of a candidate for the office is, therefore, $1,000, and this amount was exceeded by plaintiff’s bill alone, regardless of other expenditures. The indebtedness to plaintiff was incurred in violation of the law and for that reason it is void and affords no basis for an action (Mathewson v. Bean, 114 Cal. App. 519 [300 Pac. 56]), unless it is saved from such condemnation by certain other facts to which plaintiff’s president testified.
In substance these facts are that when the witness went to the Bean campaign headquarters, at defendant’s request, and received from defendant an order for printing, he informed defendant that the account would have to be with him personally, and that plaintiff was not interested ,in doing any campaign printing unless the price was paid in advance, to which defendant replied that he would guarantee the bill, that the witness then stated that a guarantee was *779 not what he wanted but the printing múst be sold to defendant personally and not to the Jack Bean campaign, that defendant agreed to this, and that the charges were made accordingly. These facts do not alter the application of the Purity of Elections Law to the case. The controlling words of the statute in this respect limit the expense which may be incurred “by or on behalf of a candidate”. A substantially identical statute exists in Wisconsin, construing which the Supreme Court of that state said, in State v. Kohler, 200 Wis. 518 [69 A. L. R. 348, 372, 228 N. W. 895] : “In the act, particularly that part relating to the amount which may be spent and the filing of accounts, the phrase, ‘by and on his behalf’, is used. There is no difficulty in understanding what is meant by the term ‘by’; the phrase ‘on his behalf’, when it refers to a candidate, means by someone who acts for him in the sense that an agent acts for and on behalf of his principal. The authority may be- expressed or implied but it must exist; otherwise the disbursement is not made on behalf of the person sought to be charged. Even after a person has announced or declared himself a candidate for a public office, the statute makes no limitation upon the disbursements made by citizens who may, upon their own initiative and on their own behalf, support the candidacy of any person of their choice-. Such voluntary support may be given by an individual or by a group of individuals. Persons so engaging in political activities are required to make no account thereof unless and until the total exceeds $50.”
Our Supreme -Court apparently took the same view of our statute in Bradley v. Clark, 133 Cal. 196, 202 [65 Pac. 395], where they said: “The findings of the court negative the contention of appellant that the expenditures made for carriages and for banners by Booth, a friend of Clark, were made by him as agent of Clark, and consequently chargeable against Clark, under the law.”
This ease involved the Purity of Elections Act of 1893, which was substantially the same in its language and purpose as the act now in force, but contained other provisions not found in the present act. The particular provision involved in that case was that requiring a candidate to file a statement of expenses incurred by him or by any person “on my behalf”.
*780 Giving the words “by or on behalf of a candidate” the meaning ascribed to them in these eases, that is, that they relate only to expenses incurred by the candidate in person or by persons who are acting as his agents, they are directly applicable to this case. Defendant was the agent of Bean and unquestionably ordered the printing in question in that capacity, that is, “on behalf of” Bean. This view of the ease is not changed by the fact that plaintiff chose to rely only on the personal credit of defendant. We are aware of the rules that an agent may bind himself personally on a contract made for his principal, and if he does so the contract may ordinarily be enforced against him (see 1 Cal. Jur. 820 et seq.), and that where the principal is known to the third party at the time of the contract and such third party elects to take the agent as his debtor in place of the principal, the principal is not liable on the contract. (Pacific Ready-Cut Romes, Inc., v. Seeber, 205 Cal. 690, 696 [272 Pac. 579]; Koeberle v. Friganza, 66 Cal. App. 323, 329 [226 Pac. 35].) But even in such a case the contract is one made “on behalf of” the principal, so that the agent is entitled to reimbursement from the principal for anything which the agent is required to pay upon it, unless to his knowledge the contract is illegal. (2 Cor. Jur. 793-798, and cases cited. Thompson-Houston Electric Co. v. Central Ry. Co., 6 Cal. Unrep. 202 [55 Pac. 777]; Gardner v. Kinney, 60 Or. 292 [117 Pac. 971]; Dow v. Worthen, 37 Vt. 108.) Hence if this transaction is legal as between plaintiff and defendant, defendant may recover from Bean the amount of the judgment herein, the latter may lawfully pay an indebtedness which the statute says he may not incur, and a plain and easy way is opened for evasion of the law. We do not think it may be so evaded. The plaintiff’s attempt to escape the condemnation of the statute by merely stipulating that its contract is with the agent alone can have no more success than the similar conduct of the traditional ostrich, which is said to believe itself hidden when its head only is covered. We are not required in this case to say whether a different conclusion could be reached if plaintiff had been ignorant of defendant’s agency and of the intended use of the articles supplied.
The judgment is reversed and the cause is remanded for a new trial, with costs of appeal to appellant.
Yankwich, J., pro tem., concurred.